**BRYANT et al. v. McMURREY.**

No. 6599.

Court of Civil Appeals of Texas. Texarkana.

Oct. 18, 1951.

On Motion for Rehearing Jan. 10, 1952.

Further Rehearing Denied Jan. 31, 1952.

See also 216 S.W.2d 999.

Frank & Frank, D. A. Frank, Dallas, for appellants.

J. N. Saye, Longview, for appellee.

WILLIAMS, Justice.

During the pendency of a divorce action, appellant Loraine Bryant and appellee, Jim McMurrey, her husband at the time, entered into a written agreement on October 30, 1942, in settlement of their community estate. This agreement was adopted and incorporated verbatim in the divorce decree entered November 25, 1942, which herein will be referred to as the agreement.

As detailed in the findings of fact incorporated in the transcript, the trial court

found: That on August 26, 1946, the U. S. Collector of Internal Revenue of Dallas made a deficiency tax assessment against her for the year 1940, for the sum of $1,023.36 and for the year 1941 in the sum of $1,419.77; and on July 18, 1947 said collector made a deficiency tax assessment against her for $4,795.23 for the year 1943. The court further found that she paid above deficiency tax assessments plus accrued interest thereon of $1,995.91, in the total sum of $9,234.27; that she had made due demand upon defendant that he pay said deficiency taxes to the Collector of Internal Revenue before she paid them and that after payment she had made due demand on him to reimburse her for such payments so made, including expenses and attorney fees incurred by her in contesting above deficiency assessments. A Federal tax lien was filed prior to payment of above taxes.

The final paragraph (7) of the findings of fact reads: "The court finds that in the execution of the contract dated October 30, 1942, a sentence contained in paragraph 6 as follows: 'It is further agreed that neither the plaintiff Loraine McMurrey nor the properties, real, personal, or mixed, which are to be conveyed or assigned to her by reason of this agreement, is liable for any debts, obligations, charges, liens, which are or may be outstanding against said parties or either of them or against the properties to be assigned and/or conveyed to plaintiff Mrs. Loraine McMurrey, that the same are to be wholly assumed by the defendant Jim McMurrey,' has to do with only the enumerated debts and liens described in paragraphs 1, 2, 3 and 4 of such contract, and further finds that it was not the intention of the parties to include any other debt or lien save and except those described in paragraphs 1 through 4 of such contract." From this finding the court concluded that: "As a matter of law that the defendant, Jim McMurrey is not liable to plaintiff, Loraine Bryant under the contract of October 30, 1942 for the sums of money which she sues for herein or any part thereof."·

Plaintiff excepted to such finding of fact and conclusion of law based thereon, as-serting that there was "no evidence whatsoever before the court of the intention of the parties other than appears in the record and the finding that it was not the intention of the parties to include any other debt or lien save and except those described in paragraphs 1 through 4 of such contract does not sustain the conclusion that the defendant does not owe plaintiffs the amount of money ($9,234.27) paid as shown by paragraph five." Appellee's answer to the petition consisted of a special exception under which he asserted "that the contract therein pleaded shows upon its face that the defendant is not liable for the items for which the plaintiff seeks judgment against him." Further answering he admitted execution of the instrument but denied "that he agreed to pay or is obligated under said contract; or any other contract or agreement between him and the said Loraine Bryant, to pay the items enumerated in plaintiff's petition * * * for which judgment is sought." The above constitutes answer of defendant. So the sole question presented here, being so recognized by counsel in their respective arguments before the court, involves a question of law, namely, the legal construction of the written contract of settlement, incorporated in the divorce decree. They both stand on the terms of said agreement.

Paragraphs 1, 2 and 3 of the agreement specify that defendant would convey by warranty deed to her in fee simple the home and its contents, situated in Dallas; a duplex in Houston, Texas, and the Robertson County ranch of about 2,500 acres with the personalty and improvements thereon. Paragraph 1 which deals with the home provides that "the notes and liens upon said home and all notes and liens upon the fixtures and furnishings therein, are to be paid off and discharged by the defendant Jim McMurrey." Paragraph 2 which deals with the duplex provides that, "the present outstanding lien against said duplex is to be paid off by Jim McMurrey" according to the tenor and effect of the present outstanding notes and liens. Paragraph 3 which deals with the ranch provides that "the notes and liens upon said ranch will be paid by the defendant."

Paragraph 4 provides that defendant was to assign to plaintiff title to the 70 head of cattle on the Thomas tract; that he would immediately proceed to sell the 100 head on the Robertson ranch and apply the proceeds of the sale of this 100 head "toward liquidating the lien upon the home at 4100 St. John's Drive with any excess derived from said sale to be applied to the payment of past due salaries of employees upon said ranch; the excess beyond that, if any, to be applied toward liquidating the lien upon the Robertson County ranch, or the Houston duplex as the defendant Jim McMurrey might elect."

This paragraph further provides that "it is understood, however, that the right and privilege herein given the defendant Jim McMurrey to immediately sell said cattle and to apply the proceeds in the manners and ways above stated, does not impair his obligation to pay all notes and satisfy all liens upon and against said home and properties referred to in paragraphs I–III, inclusive, hereof, which is absolute.

"The parties agree that the defendant Jim McMurrey has 90 days from the execution day hereof in which to enter into and conclude refinancing arrangement with all note and mortgage holders whose notes are secured by liens upon the Robertson County ranch * * * said refinancing arrangements to be submitted to the plaintiff Mrs. Loraine McMurrey, or to her attorneys, before execution, and approved by her or them, no refinancing arrangement is to be made, which fails to contractually require Jim McMurrey to completely pay off said notes and discharge said mortgage within a period not longer than one year from date.

"Failing to conclude with said note holders and mortgagees, the refinancing arrangements upon the ranch properties, the said defendant Jim McMurrey agrees to, within a period of 60 days from date, totally satisfy, pay and discharge said notes and mortgages, whether said obligation relates to principal, interest, attorneys' fees, court costs or other obligation as imposed by said note/notes and mortgage/mortgages, and further agrees to deliver to the plaintiff

* * * within the time indicated, proper instruments executed by said note and mortgage holders wherein are released, in full, the notes and liens against the premises referred to in paragraph I–III, inclusive, hereof."

Paragraph 5 requires defendant to deliver abstracts of title to the preceding lands within 15 days.

Paragraph 7 provides that defendant as President of Jim McMurrey Production Company is to assign to defendant $12\frac{1}{2}\%$ overriding royalty interest in the Golden Meadows properties upon which were seven producing oil wells, and one-half interest of the company's interest in the Fred Birdsong lease in the Hawkins field upon which one producing well was located.

In paragraphs 8 and 10 defendant agreed to convey and assign to her a certain undivided one-fourth interest in the Pinston lease in Rusk County; an undivided one-half interest in certain oil and gas leases in Anderson County, known as the Frankston leases; an undivided one-half interest in certain named oil and gas and mineral interest leases situated in Rusk County.

Paragraph 9 deals with a trust estate for benefit of their children.

Paragraph 11 deals with an automobile.

Paragraph 12 relates to execution of deeds to carry out the agreement.

Paragraph 6 upon which the trial court based his conclusion of law denying plaintiff a recovery reads: "The express intention of the executing parties is to so divide the properties referred to as to vest in the plaintiff Mrs. Loraine McMurrey the properties, real and personal covered by this agreement, free and clear of liens and obligations which may now be against said properties or parts thereof. It is further agreed that neither the plaintiff Mrs. Loraine McMurrey nor the properties, real, personal or mixed, which are to be conveyed or assigned to her by reason of this agreement, is liable for any debts, obligations, charges, liens, which are or may be outstanding against said parties or either of them or against the properties to be assigned and/or conveyed to plaintiff Mrs.

Loraine McMurrey, but the same are to be wholly assumed by the defendant Jim McMurrey. For the purpose of avoiding all ambiguity it is agreed that the defendant Jim McMurrey shall pay all taxes of every nature which are chargeable against all properties assigned or conveyed herein, throughout the year 1942."

Specific reference is twice made in paragraph 4 that the liens to be discharged are against the properties referred to in paragraphs "I–III, inclusive," namely, the home, duplex and ranch. Paragraph 5 provides for delivery of abstracts to the property "referred to in paragraphs I–III." It is to be observed that paragraph 6 of the agreement which follows, contains no such restrictions or limitations. But this paragraph stipulates that it is their "express intention to so divide the properties referred to as to vest in Mrs. Loraine McMurrey the properties covered by this agreement free and clear of liens and obligations." It expressly states the "properties covered by this agreement." Without question, the agreement included certain interests in oil producing properties, leases and other mineral estates as well as the home, duplex and ranch.

Any question of intent as to the liens or debts or the properties embraced in the agreement is set to rest and is foreclosed under the further provision of paragraph 6 which stipulates, "It is further agreed that neither the plaintiff Mrs. Loraine McMurrey nor the properties, real, personal or mixed, which are to be conveyed or assigned to her by reason of this agreement, is liable for any debts, obligations, charges, liens, which are or may be outstanding against said parties or either of them or against the properties to be assigned and/or conveyed to plaintiff, Mrs. Loraine McMurrey, but the same are to be wholly assumed by the defendant Jim McMurrey."

The intent of the contracting parties as expressed is clear and unequivocal that neither Mrs. McMurrey nor the properties would be liable but that defendant Jim McMurrey agreed to assume not in part but wholly any debt, obligation, charge or lien against the properties then outstanding or that may be outstanding. The intent is clear from its express provisions that he agreed to pay same. Each stands upon the terms of the agreement. No ambiguity is involved.

The adjudicated demands of the Internal Revenue Department with the subsequent filing of a valid tax lien for taxes for the years involved, although not known to the parties when the agreement was reached, nevertheless would fall within the provisions of the agreement; namely, a debt, obligation, charge or lien "that may be outstanding." And certainly would come within the provision that plaintiff would not be liable but that he would.

In the construction of this written agreement, for the reasons above stated, and under the rule of construction stated in 10 T.J. (Contract), Secs. 159, 164, we conclude and so hold as a matter of law that defendant is liable for the deficiency tax assessments hereinabove set out in the sum of $9,234.27.

Therefore the judgment is reversed and here rendered that plaintiff, Mrs. Loraine Bryant, joined herein pro forma by her husband, James M. Bryant, do have and recover judgment against the defendant Jim McMurrey in the sum of $9,234.27, together with 6% interest per annum.

Reversed and rendered.

### On Motion for Rehearing

From the oral arguments made upon the original submission of this cause we erroneously concluded that all the items of the taxes mentioned in our original opinion involved the year 1942 and prior years. We adhere to our former conclusions as to the construction of the contract. But upon a further examination of the record with respect to the deficiency assessment of $4,795.23 made in 1947, we are of the opinion that a question of fact is presented as to whether this deficiency assessment involved 1942 or 1943 or a part of same accrued for each year.

For the reason stated, appellee's motion for rehearing is granted in part; our former decree wherein the decree was re-

versed and judgment rendered for appellants is set aside, and the judgment is now reversed and the cause remanded.

Original decree set aside, and judgment is reversed and cause remanded for another trial.