**Jim McMURREY, Appellant,**

v.

**Loraine BRYANT et vir, Appellees.**

**No. 6820.**

Court of Civil Appeals of Texas.

Texarkana.

June 23, 1955.

Rehearing Denied July 21, 1955.

Smead & Harbour, Longview, for appellant.

C. C. Renfro, Dallas, for appellee.

HALL, Chief Justice.

This is an action by appellee Loraine Bryant, joined by her husband, against appellant Jim McMurrey, for certain amounts of money paid by appellee as income tax to the Federal Government for the years 1940, 1941 and 1942. Appellee bases her right to recover upon a contract entered into by her and appellant executed October 30, 1942, settling their community property in a divorce action between them. In the contract appellant agreed, among other things:

"* * * that neither the plaintiff Mrs. Loraine McMurrey nor the properties, real, personal or mixed, which are to be conveyed or assigned to her by reason of this agreement, is liable for any debts, obligations, charges, liens, which are or may be outstanding against said parties or either of them or against the properties to be assigned and/or conveyed to plaintiff Mrs. Loraine McMurrey, but the same are to be wholly assumed by the defendant Jim McMurrey. For the purpose of avoiding all embiguity it is agreed that the defendant Jim McMurrey shall pay all taxes of every nature which are chargeable against all properties assigned or conveyed herein, throughout the year 1942."

The case was tried before the court without a jury and resulted in à judgment for appellee for the taxes paid by her to the Federal Government for the years 1940, 1941 and 1942, together with 6% interest on said amounts.

Appellant brings forward two points of error. By the first point appellant asserts that the trial court erred in holding the evidence in the case sufficient to establish that the taxes paid by plaintiff to the Treasury Department of the Federal Government were debts and liens provided to be paid under the contract of October 30, 1942.

This is the second trial of this case. It was before this Court on a former appeal, Bryant v. McMurrey, 246 S.W.2d 249, 252, writ ref., n. r. e. In that case this Court, speaking through Judge Williams, said:

"The intent of the contracting parties as expressed is clear and unequivocal that neither Mrs. McMurrey nor the properties would be liable but that defendant Jim McMurrey agreed to assume not in part but wholly any debt, obligation, charge or lien against the properties then outstanding or that may be outstanding. The intent is clear from its express provisions that he agreed to pay same. Each stands upon the terms of the agreement. No ambiguity is involved.

"The adjudicated demands of the Internal Revenue Department with the subsequent filing of a valid tax lien for taxes for the years involved, although not known to the parties when the agreement was reached, nevertheless would fall within the provisions of the agreement; namely, a debt, obligation, charge or lien 'that may be outstanding.' And certainly would come within the provision that plaintiff would not be liable but that he would.

"In the construction of this written agreement, for the reasons above stated, and under the rule of construction stated in 10 T.J. (Contracts), Secs. 159, 164, we conclude and so hold as a matter of law that defendant is liable for the deficiency tax assessments hereinabove set out in the sum of $9,234.-27."

On the original hearing this Court reversed and rendered the judgment of the trial court, but on rehearing remanded the cause, stating:

" * * * We adhere to our former conclusions as to the construction of the contract. But upon a further examination of the record with respect to the deficiency assessment of $4,795.23 made in 1947, we are of the opinion that a question of fact is presented as to whether this deficiency assessment involved 1942 or 1943 or a part of same accrued for each year."

The trial court made the following findings of fact and conclusions of law:

### Findings of Fact

"Plaintiff Loraine Bryant, formerly McMurrey, entered into an agreement in writing on October 30, 1942, with defendant Jim McMurrey in settlement of their community estate which agreement was made a part of the divorce decree entered on November 25, 1942.

"I find that on August 26, 1946, the United States Collector of Internal Revenue of Dallas made a deficiency tax assessment against Mrs. McMurrey for the year 1940 in the sum of $1023.-36, for the year 1941 in the sum of $1419.77, and on July 18, 1947, the said collector made a deficiency tax assessment against her for $4795.23, all of which amounts so assessed as deficiency she paid, plus accrued interest in the total sum of $8545.68; that she made due demand upon the defendant that he pay the said deficiency taxes to the collector of Internal Revenue before she paid them, and that after payment she made due demand on defendant to reimburse her for such payment so made, including expenses and attorney's fees. A federal tax lien was filed prior to the payment of said taxes.

"I find that the said contract in paragraph 6 contained the provision that: 'It is further agreed that neither the plaintiff Loraine McMurrey nor the properties, real, personal, or mixed, which are to be conveyed or assigned to her by reason of this agreement, is liable for any debts, obligations, charges, liens, which are or may be outstanding against said parties or either of them or against the properties to be assigned and/or conveyed to plaintiff Mrs. Loraine McMurrey, that the same are to be wholly assumed by the defendant Jim McMurrey.'

"That the total amount of said payments together with legal interest thereon from the time paid until the date of the judgment herein is the sum of $12,045.12, with interest found in the judgment upon said sum at the rate of 6% per annum from the date of the judgment until paid, all costs being assessed against the defendant.

### Conclusions of Law

"As a matter of law I find that the defendant Jim McMurrey is liable to the plaintiff Loraine Bryant under the contract of October 30, 1942, for the said sum of $12,045.12 together with interest at 6% per annum from December , 1954, until paid, and all costs of court."

■ The trial court as shown by the statement of facts was very careful to deduct from the last payment of income taxes by appellee the amount charged for the year 1943 and the judgment as rendered by the trial court did not include any payments for taxes that were due for the year 1943. In our opinion, under the holdings of this Court in its former opinion, the trial court was correct in his judgment rendered in this case; therefore, this point is overruled.

■ By appellant's second point he contends that the trial court erred in admitting in evidence over his objection plaintiff's Exhibits 23 and 24. Exhibit 23 is a certified copy of an assessment made by the acting District Director of Internal Revenue, Dallas District, with respect to the taxes levied against her property during the years 1940 and 1941; and Exhibit 24 is a letter from the Commissioner, written by the Internal Revenue Agent in Charge, setting out the taxes due by appellee on the property in question here and shows in detail the taxes assessed by the Federal Government through its properly authorized agents against each particular piece of property conveyed to appellee by appellant in their division of the community property and upon which appellant had agreed in the separation contract to pay. The record shows clearly, in our opinion, that the amounts of taxes that appellee paid to the Federal Government upon the property during the years in question were properly assessed against said property and appellee by the Tax Department of the United States Treasury of the Federal Government, and the fact is admitted that appellee paid these amounts. It is also without dispute that appellee notified appellant of the assessment of said taxes and he failed and refused to pay them. Appellee did all she could to adjust these tax matters with the Federal Government. She went so far as to hire an attorney and auditors to represent her in the litigation before the Tax Commissioner. These two exhibits are simply proof of the assessment by the Federal Government of the taxes involved against her property and show the final adjustment of the tax. This point is overruled.

In the light of the holding in our former opinion, which we reiterate here, the record as a whole clearly sustains the judgment of the trial court.

The judgment of the trial court is affirmed.