## CARTER v. CARTER.
### No. 12188.

Court of Civil Appeals of Texas. Galveston.

June 8, 1950.

Otis Scruggs, Jr., of Houston, for appellant.

E. Bruce, of Houston, for appellee.

MONTEITH, Chief Justice.

Appellee, Irene Carter, brought this action for a divorce from appellant, Ed Carter, alleging the usual statutory grounds. Appellant answered by a general denial and by cross-action, in which he sought a divorce from appellee.

In a trial before the court without a jury, judgment was rendered, granting appellant a divorce on his cross-action. In the judgment rendered, certain real estate in the City of Houston was awarded to appellee and the community interest in a barber shop in the City of Houston, with its furniture and fixtures, was awarded appellant. Appellant appeals from that portion of the judgment rendered partitioning the estate of the parties.

Article 4638, R.C.S., reads: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

■ It is the settled law of this State that in divorce cases the trial judge has the responsibility of making a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of the parties, and that in making the division the court may take into consideration any disparity between the earning powers, business opportunities, capacity and ability of the parties, and the benefits which the party not at fault shall have derived from the estate of the other party through a continuance of their marriage. Hendrick v. Hendrick, Tex.Civ.App., 222 S.W.2d 281; Williams v. Williams, Tex. Civ.App., 171 S.W.2d 530; Puckett v. Puckett, Tex.Civ.App., 205 S.W.2d 124; Liddell v. Liddell, Tex.Civ.App., 29 S.W.2d 868; and 15 Tex.Jur. 584.

In the case of Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23, the Supreme Court, in construing said Article 4638, said: "The court pronouncing a decree of divorce is vested with wide discretion in disposing of any and all property of the parties, separate or community, and * * * its action, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair."

■ In the case at bar the trial court arrived at his decision after a thorough hearing of the facts. A consideration of the record convinces us that he did not abuse his discretion in making the award objected to by appellant.

Finding no reversible error, the judgment of the trial court must be in all things affirmed.

Affirmed.