## GAULDING v. GAULDING.

### No. 14606.

Court of Civil Appeals of Texas. Dallas.

Feb. 27, 1953.

Rehearing Denied March 27, 1953.

Wm. Andress, Jr., Dallas, for appellant.

Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellee.

YOUNG, Justice.

In a contested divorce action, initiated by appellant (plaintiff, Helen Gaulding), only certain elements of the decree of property division are here contested; trial being to the court. The parties have no children.

A helpful analysis of the judgment complained of, relative to community assets and

indebtedness, together with the court's method of division and award, is taken from brief of appellee, and follows in substance:

| | |
|---|---:|
| Home (5.41 acres on Spring Valley Road) | $16,000.00 |
| Furniture, furnishings and household effects | 1,500.00 |
| 1948 Champion 4-door Studebaker | 900.00 |
| 1950 Studebaker Convertible | 1,500.00 |
| 100 Shares, United Benefit Fire Ins. Co. | 2,000.00 |
| Local fire and casualty insurance and mortgage loan business, net value | 32,000.00 |
| **Total** | **$53,900.00** |

**Community Debts:**

| | |
|---|---:|
| Mortgage on home | $ 2,900.00 |
| Mortgage against the insurance agency and loan business | 18,400.00 |
| Pledged lien against 100 shares of United Benefit stock | 2,000.00 |
| 1941 Income Taxes past due | 2,167.28 |
| 1952 Income Taxes for first quarter of 1952 | 800.00 |
| Note due Republican National Bank | 2,000.00 |
| Note due First National Bank | 1,000.00 |
| Note due Dr. C. W. Brown | 1,250.00 |
| Note owing to Lewis J. Hexter | 1,060.00 |
| Miscellaneous indebtedness | 1,000.00 |
| Overdraft at Republic National Bank | 3,872.33 |
| Attorney's fees in divorce action | 1,500.00 |
| **Total Community Indebtedness** | **$38,049.61** |
| **Net value of Community Assets** | **$15,850.39** |

**Awarded to Plaintiff (free from debts):**

| | |
|---|---:|
| Furniture | $ 1,500.00 |
| 1950 Studebaker Convertible | 1,500.00 |
| Net cash to adjust equities | 4,925.20 |
| **Total** | **$ 7,925.20** |

| | |
|---|---:|
| Balance of equity in properties to husband (inclusive of home above described) | $ 7,925.19 |

After rendition of judgment herein, plaintiff caused a writ of possession to issue for the personal property awarded to her and secured an execution for the money judgment in her favor ($4,925.20) and for the fee allowed her attorneys ($750), all of which was satisfied.

Points of appeal are in substance that the court erred, (1) in divesting her of title to the community homestead, awarded to defendant, because such is prohibited by terms of Art. 4638, Vernon's Ann.Civ. St.; (2) in charging community debts against the homestead, since the latter is exempt as regards claims of existing creditors; (3) in including as a community debt the sum of $800 as the quarterly payment of 1952 income tax, but not paid by defendant, which the husband estimated he would owe in March 1953, because the status of each divorced spouse as of December 31, 1952 was that of single persons and liable for 1952 taxes only upon individual incomes; (4) in refusing to charge the

community estate in favor of appellant's separate estate with proceeds of sale of her separate property which had been commingled in the community bank account by appellee; (5) in voiding the deed of April 20, 1946 voluntarily executed by Cecil Gaulding to Helen Gaulding and delivered by him to her for use in inducing her father to lend him money.

Preliminary to presentation of counterpoints, appellee moves to dismiss the appeal, or that appellant be at least estopped to claim error under her points 1 and 5 above, because of already having obtained benefit in full of the judgment through process of execution; citing Carle v. Carle, Tex.Sup., 234 S.W.2d 1002, where the rule was applied that "A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. That is the general rule which appears to be universally recognized." The motion to dismiss appeal in toto will be denied; the principle just quoted however being quite germane to points (1) above that the court should not have divested appellant of her title in the community homestead, and (5) that the homestead should have been awarded to her as her separate property. Under these points it is argued, (a) that an award of *all* community real estate to one spouse is violative of the statute, Art. 4638; contending for a reformation of judgment, requiring sale of the homestead subject to lien and equal division of the proceeds between the parties;[1] and (b) that by deed of April 20, 1946, appellee having conveyed to appellant as her separate property the homestead in suit, same is now no part of the community estate. (Note: In findings of fact and conclusions of law the trial court held such deed to be void and of no effect; the evidence being insufficient to show a delivery with intent to presently pass title.)

Obviously appellant cannot consistently argue the foregoing points after collecting by execution the money judgment in her favor, a part of which was representative of her net interest in the same property. "By enforcing a judgment or decree by execution or otherwise a party clearly waives his right to appeal unless the decree is such or the circumstances such that there is no inconsistency between such enforcement and the appeal. 3 C.J. 685, § 569." Carpenter v. Carpenter, 153 Or. 584, 56 P.2d 305, 307, 57 P.2d 1098, 58 P.2d 507, 105 A.L.R. 386. As appellee clearly demonstrates: "Plaintiff here can prevail on neither of these points without overturning the entire judgment and requiring the amount which she has received to be surrendered. The total gross estate is $53,900, including the homestead. If plaintiff is to be awarded the homestead, or the same is not set apart to the defendant as in the judgment, the balance of the estate is $37,900. The indebtedness, exclusive of homestead indebtedness, is $35,149. In other words, the community assets exceed the community indebtedness by only $2,700.00, and there are not sufficient assets to satisfy the judgment award for the $3,000 in community assets which she obtained under writ of possession and the $4,925.20 which she obtained on execution."

---

1. "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate." Art. 4638, V.A.C.S. The decisions are in conflict as to whether a setting apart to one of the parties all of the community realty, the other being compensated for his or her interest in the land by other character of assets, is a lawful division under the statute. See Simons v. Simons, 23 Tex. 344; Young v. Young, Tex.Civ. App., 23 S.W. 83; Walker v. Walker, Tex.Civ.App., 231 S.W.2d 905; and Carter v. Carter, Tex.Civ.App., 231 S.W.2d 791; indicating that the statute is susceptible to such an interpretation; contra, see Tiemann v. Tiemann, 34 Tex. 522; Lewis v. Lewis, Tex.Civ.App., 179 S.W.2d 594; Donias v. Quintero, Tex. Civ.App., 227 S.W.2d 252. It appears well settled that a partition by sale and division of the proceeds does not constitute a divesting of title within meaning of Art. 4638; and since Carle v. Carle, supra, similarly so as to a partition in kind (division of realty in equitable parts).

To this, we need only add the further reasoning of our Supreme Court in Carle's appeal, supra (with slight paraphrase by way of emphasis): "It appears, then, that if appellant should be successful in her appeal and then successful upon another trial in establishing her claim that the property is separate, the benefit secured by her under the judgment appealed from would necessarily be affected. Besides, the right of appellee to a partition of the property might well be prejudiced. He certainly would not concede that appellant would be entitled to retain the money paid her on the ground that the property is community while pressing her claim that it is separate."

 Appellant's point 2, that community debts should not have been charged against the homestead, is also untenable because of no showing that the amount of $7,925.20 (one-half net value awarded plaintiff) was arrived at by such method. Assets of the community estate exceeded its debts, aside from the homestead indebtedness; in consequence of which the court could have arrived at the same net value of the community and result by another and entirely unobjectionable process, viz.:

| | | |
|---|---|---|
| Total Community assets | $53,900.00 | |
| Homestead | 16,000.00 | |
| Total assets (less homestead) | | $37,900.00 |
| Total community indebtedness | $38,049.61 | |
| Homestead indebtedness | 2,900.00 | |
| Total indebtedness (less indebtedness on homestead) | | $35,149.61 |
| Net assets over liabilities | | $ 2,750.39 |
| Net value of homestead | | 13,100.00 |
| Total net value | | $15,850.39 |
| One-half to each | | $ 7,925.20 |

Plaintiff says that she should have been allowed the further sum of $4,375, as reimbursement out of the community for alleged separate funds commingled therewith. The argument relates to two lots, one in Stefani Addition, the other out of Idlewild Addition, Dallas, concerning which the following court findings are relevant: "(d) Prior to June 14, 1946 plaintiff had kept the books and records of a construction venture of one C. W. Melton and defendant. On June 14, 1946, in the division of the remaining assets of the business adventure, defendant caused C. W. Melton to deed to Helen Gaulding, as her separate property and estate, Lot 12 in Block A of Stefani Addition to the City of Dallas, located on Stefani Avenue. On 17 November 1947 the parties hereto deeded the Stefani property to J. F. King for a cash consideration of $1875, and defendant took possession of said money and deposited it in the community bank account, commingling it with the community funds so that its identity was lost, and has been spent by the parties. (e) On 29 July 1947 the defendant executed a deed to Helen Brown Gaulding as her separate estate conveying Lot 13 in Block 1 of Idlewild Addition to the City of University Park, in Dallas County, Texas, known as the Lovers Lane property. On 21 December 1947 the Lovers Lane property was sold to Skillern & Majors for $2,500 in cash, which amount was deposited by the defendant in the community bank account and so commingled with community funds that its identity was lost, and has been spent by the parties." These further findings by the trial court are pertinent in this connection. "That plaintiff was employed by defendant approximately six years before their marriage, and worked in his office with him during that period of time as a bookkeeper and secretary. During the greater part of said six-year period defendant was married to his first wife, Mrs. Dell C. Gaulding, from whom he was divorced approximately six months before his marriage to plaintiff. Because of these facts, plaintiff was well

acquainted with defendant when they were married, and knew his personality, his personal habits, his peculiarities, the difference in their ages, and his financial condition. At the time of the marriage of plaintiff and defendant, he had a substantial separate estate and has made a substantial income since their marriage. This separate estate and the income has been spent on living expenses, and at the time of the filing of this suit the community estate was deeply in debt and its affairs were in a precarious position. Plaintiff is approximately 41 years of age and is an expert bookkeeper, capable of earning a substantial salary. Defendant is approximately 65 years of age, and is in bad health. He has been instructed by his personal physician to reduce his activities and to work not more than one-half of each day."

On the basis of aforesaid findings the court concluded as a matter of law: "That neither of the parties has shown facts which would entitle her or his separate estate to a claim against their community property."

■ It will be noticed that plaintiff did not own these two lots prior to the marriage. In fact, the Idlewild property had been acquired by Gaulding before the second union; the Stefani lot being a community asset at time of the deed in question. And relevant here is the provision of Art. 4614, V.A.C.S., that "The wife shall have the sole management, control, and disposition of her separate property both real and personal * * *." Considering the broad discretion vested in the district court under Art. 4638, V.A.C.S., when ordering a division of estate upon divorce, we find no abuse thereof in the circumstances here presented. For six years prior to the marriage, plaintiff had been defendant's bookkeeper and secretary, continuing in that position; being well versed in business and real estate affairs. There was but one bank account and on that she presumably kept book. When these lots were sold she signed the deeds and permitted a placement

of the proceeds in the one account. There was no turning over of separate funds to the husband for investment; no use of same for any improvement or enhancement of the community; and the husband did not have charge of these proceeds by reason of his right to manage and control her separate estate. In this situation, plaintiff must be deemed to have herself acquiesced in this handling of the general bank account and its loss of identity, due to a commingling with community funds; having been spent, as the court finds, "by the parties." The record further discloses that during the twelve years after marriage, the husband's separate estate was "lived up" in similar fashion; and clearly, in our opinion, the trial court was acting well within its judicial and statutory discretion in ruling that "neither of the parties has shown facts which would entitle her or his separate estate to a claim against their community property."

■ Likewise, the item of "1952 Income taxes for first quarter $800" (past due), must be regarded as a community debt, the wife having been beneficiary of one-half of the community income from January 1 to April 18 of 1952, date of divorce; and this, although, under Federal law, status of the parties at close of the taxable year was that of single persons, requiring a separate return on part of each. 26 U.S.C.A. § 51(b)(5). Defendant assumed this obligation in the judgment appealed from and it must be further assumed that his report to the office of Internal Revenue on March 15, 1953, of 1952 income, will be in accordance and acceptable to the income tax authorities as in full discharge of plaintiff's personal liability therefor over such period. If we be mistaken in this, and plaintiff be finally required to pay any part of the $800 item on account of individual liability for 1952 community income tax, then her right to reimbursement (or likewise to a credit in case of possible refund) would accrue under defendant's aforesaid assumption by judgment.

The cause must be accordingly affirmed.