**Samuel O. SHENK et ux., Appellants,**

**v.**

**Jules ZIEGLER et ux., Appellees.**

**No. 4257.**

Court of Civil Appeals of Texas.

Waco.

Oct. 1, 1964.

Melvin M. Engel, Houston, for appellants.

Solito, Vetrano & Murr, Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from a summary judgment, decreeing title and possession to a house and lot in Houston, Texas, to plaintiffs Ziegler; (and ordering delivery of deed to same, held in registry of the court, to plaintiffs Ziegler).

Plaintiffs Ziegler filed this case against defendants Shenk, alleging that plaintiffs wanted to buy a house and finance a portion of the purchase price with Spring Branch Savings & Loan Association; that plaintiffs' credit rating was not good and would not meet the loan company's approval; that they agreed with defendants Shenk that defendants would take legal title to the house and then convey it to plaintiffs after a first lien had been paid off (and other conditions met); that defendants executed (but did not deliver) a deed to plaintiffs to the property (which deed is now in the registry of the court); that all conditions precedent to delivery of the deed have been met and complied with, but defendants refuse to deliver the deed. Plaintiffs prayed that defendants be held to be constructive trustees and that plaintiffs be decreed title and possession of the premises.

Defendants answered by pleas of not guilty; general denial; and contended that all conditions of the agreement to convey the property to plaintiffs had not been complied with.

Plaintiffs moved for summary judgment, which motion was granted by the trial court, and judgment was entered decreeing title and possession of the property in plaintiffs, and ordering delivery of the deed to such property to plaintiffs (from the registry of the court).

Defendants appeal, contending the existence of genuine issues of material fact precluded summary judgment.

The record reflects that defendants entered into a contract to deliver plaintiffs a deed to the property after plaintiffs paid off a first lien note; assumed the principal note (and secured defendants' release from same). Defendants executed such deed, and same was in the registry of the court.

Undisputed affidavits on file reflect that plaintiffs have paid off the first lien note; assumed the second lien note; that the loan association had released defendants from liability on such note; that all conditions of the contract to deliver plaintiffs the deed had been met and complied with. Depositions of defendants reflected that all moneys paid on the purchase and all expenses paid in connection therewith had been paid by plaintiffs, and that defendants had taken title to the property as an accommodation or favor to plaintiffs.

 The record conclusively reflects that defendants took title under circumstances rendering them constructive trustees of the property. See Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401. Moreover, all conditions precedent to the agreement by defendants to convey the property to plaintiffs were conclusively shown to have been met and complied with.

No genuine issues as to material facts exist. Defendants' contentions are overruled and the judgment of the trial court is affirmed.