**Billy George BROOKS, Appellant,**

v.

**Maxine L. Ragle BROOKS, Appellee.**

**No. 4725.**

Court of Civil Appeals of Texas,
Eastland.

Nov. 1, 1974.

Rehearing Denied Nov. 22, 1974.

Beverly Tarpley, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellant.

Malcolm Schulz, Schulz, Hanna & Burke, Joanna Strauss, Abilene, Herbert L. Hooks, Dallas, for appellee.

RALEIGH BROWN, Justice.

Maxine L. Ragle Brooks sued Billy George Brooks to enforce the payment of certain sums which she contended were due under the terms of the divorce judgment which terminated their marriage on August 18, 1971. Trial before the court resulted in a judgment for Maxine Brooks in the sum of $10,156.42. Billy George Brooks appeals.

In its findings of fact and conclusions of law the trial court determined in part as follows:

"(5) The defendant, Billy George Brooks was to pay all community debts of the marriage of plaintiff and defendant, except those assumed by the plaintiff, and that he was to hold plaintiff harmless from the payment of same.

(6) That the debts due Grissom's, Athletic Supply, Snowwhite Bakery, The Bootery and Gibson's were community debts and that plaintiff paid same, ($111.86).

(6) That $35.00 due Dr. H. M. Burkett was a community debt and that plaintiff paid same.

(7) That $5009.56 due Timberlawn Hospital was a community debt and was paid by plaintiff's father for plaintiff's benefit.

(8) The $5,000.00 paid by plaintiff on the 1971 income taxes of plaintiff and defendant was a community debt."

The significant portion of the divorce judgment upon which Maxine Brooks predicated this cause reads:

"It is further ORDERED, ADJUDGED and DECREED that all community debts, except those assumed by cross-petitioner and incurred during this marriage, including but not limited to the bill incurred at Timberlawn Psychiatric Hospital, shall be paid by petitioner, Billy George Brooks, and he shall hold the cross-petitioner and respondent harmless from the payment of same."

In his first point of error, Billy Brooks contends the trial court erred in holding that the income tax liability of Maxine Brooks for the year of divorce was a community debt governed by the terms of the divorce judgment.

There can be no dispute that federal law determines the individual tax liability of Maxine Brooks and Billy Brooks for one half the community income for the year 1971. The Supreme Court of the United States in United States v. Mitchell, 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406, held:

"Thus, with respect to community income, as with respect to other income, federal income tax liability follows ownership. Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 11–14, 57 S.Ct. 330, 332–334, 81 L.Ed. 465, 470, 471 (1937). See Hoeper v. Tax Commission, 284 U.S. 206, 52 S.Ct. 120, 76 L.Ed. 248, 78 A.L.R. 346 (1931). In the determination of ownership, state law controls. 'The state law creates legal interests

but the federal statute determines when and how they shall be taxed.' Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199, 205 (1932); Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 80–81, 60 S.Ct. 424, 425–426, 84 L.Ed. 585, 588 (1940); Helvering v. Stuart, 317 U.S. 154, 162, 63 S.Ct. 140, 144, 87 L.Ed. 154, 159 (1942); Commissioner of Internal Revenue v. Harmon, 323 U.S. 44, 50–51, 65 S.Ct. 103, 106, 89 L.Ed. 60, 64, 65 (1944) (Douglas, J., dissenting); see Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). The dates of the cited cases indicate that these principles are long established in the law of taxation."

In *Mitchell* a wife sought an exempt status under an exoneration law of Louisiana. The court in imposing liability on the wife for taxes due on one half the community income stated:

"The results urged by the respondents might follow, of course, in connection with a tax or other obligation the collection of which is controlled by state law. But an exempt status under the state law does not bind the federal collector. Federal law governs what is exempt from federal levy."

The divorce judgment could not relieve Maxine Brooks of her individual responsibility for payment of her 1971 income tax. She argues, however, that the obligation was a community debt ordered by the court to be paid by Billy Brooks. Courts have generally held that a tax is not a debt. As stated in Forest City Mfg. Co. v. Levy, 33 S.W.2d 984 (St. Louis Ct. App.—Missouri 1931):

"It is generally held that a tax is not a debt in the ordinary sense of that word. In the City of Carondelet v. Picot, 38 Mo. 125, our Supreme Court quoted with approval from Peirce v. Boston, 3 Metc. (Mass.) 520, as follows: 'A tax, in its

essential characteristics, is not a debt, nor in the nature of a debt. A tax is an impost levied by authority of government upon its citizens or subjects, for the support of the State. It is not founded on contract or agreement. It operates in invitum. A debt is a sum of money due by certain and express agreement. It originates in, and is founded upon contract, express or implied.'

In New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 140, 51 L.Ed. 284, the court quotes with approval what was said by Justice Field in Meriwether v. Garrett, 102 U.S. 472, 26 L.Ed. 197, as follows: 'Taxes are not debts. It was so held by this court in the case of Lane County v. Oregon, 7 Wall. 71, 19 L.Ed. 101. Debts are obligations for the payment of money founded upon contract, express or implied. Taxes are imposts levied for the support of the government, or for some special purpose authorized by it. The consent of the taxpayer is not necessary to their enforcement. They operate in invitum.' . . . "

The court in Highland Park Independent School Dist. v. Republic Ins. Co., 162 S. W.2d 1056 (Tex.Civ.App.—Dallas 1942) rev'd on other grounds, 141 Tex. 224, 171 S.W.2d 342 (1943) approved the following rule:

" . . . 'As the obligation to pay taxes does not rest upon any contract express or implied, or upon the consent of the taxpayer, a tax is not a debt in the ordinary sense of the word; although it is a liability or obligation, . . . ' "

See also Scott v. Travelers Indemnity Company, 215 Tenn. 173, 384 S.W.2d 38 (1964), and Rochelle v. City of Dallas, 5 Cir., 264 F.2d 166.

Maxine Brooks in support of her position cites Gaulding v. Gaulding, 256 S.W. 2d 684 (Tex.Civ.App.—Dallas 1953, no writ), and Bryant v. McMurrey, 246 S.W. 2d 249 (Tex.Civ.App.—Texarkana 1951,

writ ref. n. r. e.). Each of the cases is distinguishable from the case at bar. *Gaulding* was a direct appeal from a divorce judgment and a challenge to the equitableness of the division of the property made by the court. An item of taxes for the first quarter of 1952 was listed specifically and considered by the court in its division of the property. There is no such specificity in the case at bar regarding income taxes for the year 1971.

In *Bryant,* the parties had entered a detailed settlement agreement. The court found that the terms of the agreement required the former husband to pay any tax assessment deficiency. His failure to pay authorized his former wife a recovery against him for her payment of same. We have no such agreement in the case at bar.

■ Maxine Brooks was individually liable for tax on one half of the community income for the year 1971. There is no agreement between the parties nor does the divorce judgment specifically require Billy Brooks to either pay or reimburse Maxine Brooks for her 1971 income tax obligation. Recovery by Maxine Brooks must be predicated on the requirement in the divorce judgment to pay "community debts." Texas statutes do not define the term "community debt." We hold that the term does not include a potential income tax obligation.

■ Billy Brooks argues that the trial court erred in holding that Maxine Brooks alleged or proved a cause of action against him for the debt due to Timberlawn Hospital. We agree.

The evidence establishes that Lee Ragle, the father of Maxine Brooks, deposited sums totaling $5009.56 with Timberlawn Hospital to guarantee payment of the bill for Maxine Brooks' hospitalization. The first seven sums were deposited prior to entry of the divorce judgment and the last deposit of $576.00 was deposited following the divorce. There is no evidence that the

claim of Timberlawn had been assigned to Lee Ragle or to Maxine Brooks. Neither Timberlawn nor Ragle are parties to this cause of action nor is there an assertion of any right in them. Maxine Brooks does not contend the Timberlawn bill is unpaid and has shown no damage to her.

Although the divorce judgment requires payment of the Timberlawn bill by Billy Brooks, no creditors are asserting any claim in this cause of action and Maxine Brooks has neither alleged nor proved a cause of action in her favor. See Shenk v. Ziegler, 382 S.W.2d 790 (Tex.Civ.App.—Waco 1964, no writ).

Finally, Billy Brooks argues that the trial court erred in holding the sum of $146.86 constituted a community debt paid by Maxine Brooks and for which she was entitled to reimbursement.

We overrule this contention. There is evidence in the record that debts representing the sum of $146.86 accrued during the marriage and were finally discharged by Maxine Brooks after the dissolution of the marriage. Such findings were made by the trial court. As stated by the court in Cortez v. Cortez, 457 S.W.2d 131 (Tex. Civ.App.—San Antonio 1970, no writ):

"A trial court's findings of fact will be upheld on appeal unless manifestly erroneous, and will be overruled by an appellate court only when they are not supported by any evidence of probative value, or are so against the great preponderance of evidence as to be manifestly wrong. Keeton v. Gillam Soap Works, 215 S.W.2d 675 (Tex.Civ.App.—Amarillo 1948, writ ref'd n. r. e.); Bavousett v. Bradshaw, 332 S.W.2d 155 (Tex.Civ. App.—Amarillo 1960, writ ref'd n. r. e.); Dyer v. Caldcleugh and Powers, 392 S. W.2d 523 (Tex.Civ.App.—Corpus Christi, 1965, writ ref'd n. r. e.)."

The judgment is reformed so as to delete the award of $10,009.56, being the income tax and the Timberlawn Hospital claims, and as reformed is affirmed.