**Sarah Louise COLE, Appellant,**

v.

**Charles N. COLE, Appellee.**

**No. 18700.**

Court of Civil Appeals of Texas, Dallas.

Dec. 4, 1975.

Rehearing Denied Dec. 31, 1975.

R. W. (Bill) Glenn, Plano, for appellant.

Gerald R. Coplin, Passman, Jones, Andrews, Coplin, Holley & Co., Dallas, for appellee.

GUITTARD, Justice.

Petitioner Sarah Louise Cole complains of the property division in a decree granting her a divorce from respondent Charles N. Cole. She asserts that the trial judge abused his discretion in failing to take into consideration her needs, her low earning capacity as compared with that of respondent, and the income tax liability which she may have as a result of substantial income from his earnings during the last two years of the marriage. We agree, and we remand the cause for a new trial on the property issue.

The evidence shows that the parties had been married approximately ten years. Respondent is a successful salesman. His annual earnings, which were approximately $18,000 before the marriage, increased to well over $100,000 during the marriage. Petitioner was employed before the marriage as membership manager of the Atlanta Chamber of Commerce at a salary of $8,000 per year. She worked as a secretary in the early years of the marriage, but had not been regularly employed for several years at the time of separation in May 1974. After separation she worked as a sales agent for a real estate firm, but had realized no income from that source at the time of trial in November 1974. She testified that she thought she could probably earn $700 to $800 per month as an executive secretary although she was not qualified as a stenographer. However, she said that her health problems would require continued medical care and might impair her employability.

During the marriage the parties accumulated an estate valued at more than $200,-000, most of which was community property. It consisted of a residence and twelve acres of land with furnishings and numerous art objects, several vehicles, a motor home, corporate stocks valued at more than $10,000, cash values of life insurance policies of almost that amount, a "holdback account" held by respondent's employer estimated at $21,295, and the sum of $48,492 in cash in the hands of a receiver appointed by the court to receive and disburse community funds pending the suit.

The properties awarded to petitioner include the residence and six acres of land. This property had an indebtedness against it of $33,000, with monthly payments at $388 per month. Petitioner testified that she had no income out of which to make these payments or to discharge her share of income tax liability.

Although petitioner complains that the trial judge abused his discretion in making an unequal division of the property in respondent's favor, we are unable to verify from the record the value figures on which this complaint is based. We conclude from our study of the evidence that the judge, without finding specific values for all the various items of property, attempted to make a substantially equal division.

Petitioner's principal complaint is that in dividing the property the court failed to take into account her needs, her comparatively low earning capacity and her probable income tax liability for the years 1973 and 1974. The record concerning income tax liability is unsatisfactory. At the time of the judgment no final tax return had been filed for either year and no net earnings were established which would indicate the ultimate tax liability. For 1973, respondent filed a separate return for his part of the tax liability and claimed a refund of $9,000 because of withholding and previous tax payments, although he admitted in his testimony that the return would have to be amended because of at least an additional $88,000 in income. Respondent attempted to explain that this additional income might be reported for 1973 as income of a family corporation which the parties owned as community property and into which some of respondent's sales commissions had been paid, although he had actually drawn the money out of the corporation. In any event, the record shows that a substantial additional tax liability would ultimately exist because of this additional income, and, presumably, it would fall on the parties equally.

For 1974 no tax return had been filed, and although the record fails to show the amount of his net earnings for that year up until the date of the decree, there is evidence that they were substantial. Petitioner estimated that respondent's gross commissions for 1974 to be $160,000 to $170,000 and testified that in some months his commissions had run as high as $40,000. These figures, she said, did not include his profits from sales of his samples. Petitioner also testified that from January 1 to January 30, 1974, respondent had drawn as much as $125,000 from the family corporation. Respondent testified that his income was not as great in 1974 because he had lost one of his principal accounts. He admitted, however, that after June 9, 1974, he had received $36,000 in addition to other income paid to the corporation and to the receiver. His counsel stated to the court that the corporation had received $125,000, and the receiver's report lists among the receipts two amounts aggregating $60,000 received from respondent's employer. The evidence does not show the amount of deductions or credits affecting tax liability, except that respondent testified that he owed over $12,000 in business expenses and petitioner testified that she knew of one quarterly tax payment of $6,000.

The judge announced at the beginning of the hearing that he would not consider income tax liability as a factor in dividing the property and would let each party be responsible for his or her own outstanding tax obligations because he did not regard taxes as a community debt and he did not think the court should act as a collector for the Internal Revenue Service. Accordingly, the decree makes no mention of tax liability, and leaves each party with an undetermined liability for income taxes due for 1973 and 1974. The judge declined to make any findings of fact concerning the tax liability and also declined petitioner's request for findings bearing on the earning capacities of the parties. Thus the record indicates that he did not consider these matters in dividing the property.

It is true that a tax is technically not a debt and that the court has no power

to relieve either party of personal liability to the taxing authority. *Brooks v. Brooks*, 515 S.W.2d 730, 732 (Tex.Civ.App.—Eastland 1974, writ ref'd n. r. e.). Nevertheless, in dividing the property on divorce, the court may take the tax liability into consideration and may even require one party to assume the other's liability for taxes or require reimbursement for taxes paid. *Gaulding v. Gaulding*, 256 S.W.2d 684, 688 (Tex.Civ.App.—Dallas 1953, no writ).

■ We cannot escape the conclusion that in the circumstances shown here the judge should have considered the probable tax liability and petitioner's lack of resources to discharge it. Tex.Family Code Ann. § 3.63 (Vernon 1975) requires the court to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party." This language does not mandate an equal division when the circumstances of the parties are unequal. Rather, it suggests that the division should be made on consideration of the parties' differing circumstances. In numerous cases the courts have held that the future needs of the wife and her lack of earning capacity are proper factors to be considered in dividing the property. *Waggener v. Waggener*, 460 S.W.2d 251 (Tex.Civ.App.—Dallas 1970, no writ); *Duncan v. Duncan*, 374 S.W.2d 800 (Tex.Civ.App.—Eastland 1964, no writ); and see *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923). Although we have found no cases holding that a trial judge abuses his discretion in failing to make an unequal division when these factors are present, we hold that if the disparity in earning capacity is as great as it is here, so as to leave the wife with substantial liabilities which she cannot discharge out of her income, while the husband has no comparable burden, the court should award her more than an equal share of the community estate.

■ In this particular case, as in many marriages, the wife abandoned her career and cast her lot with that of her husband.

While he was increasing his earning capacity many times, she was maintaining the home and helping him in his business. The community-property system is based on the assumption that the husband's earnings are not his alone, but are produced by the spouses' joint efforts, and thus should be shared by them equally. The same principle applies, to some extent, to his earning capacity which, presumably, she helped him to develop. Upon termination of the marriage, his earning capacity will continue at a high level, while she must return to the job market to resume her career where she left off more than ten years earlier. We hold that it is manifestly unjust and unfair to allot to petitioner roughly half of the common property and leave her to support herself as best she can and also to pay half of whatever tax liability may remain because of his comparatively high earnings preceding the divorce. Accordingly, we remand the cause to the trial court with instructions to consider these circumstances in making a division of the property. On further hearing, the parties will have an opportunity to present definite evidence of the probable income tax liability, and the court, if it finds such liability to be substantial, should either compensate her by a greater share of the property or make some other order which would put the greater burden of the tax liability on respondent.

■ Petitioner's second point complains of the trial court's failure to require respondent to pay all of petitioner's attorney's fee rather than the one-half of such fee which the decree provides. The court set the fee at $5,040, rendered judgment against respondent for one-half of it, and directed the other half to be paid out of community funds in the hands of the receiver. In effect, respondent was required to pay three-quarters of the fee of petitioner's attorney as well as the fee of his own attorney. This ruling does not in itself show an abuse of discretion. The allowance of an attorney's fee is a matter to be considered by the court in dividing the property. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d

1002, 1005 (1950); *Braswell v. Braswell*, 476 S.W.2d 444 (Tex.Civ.App.—Waco 1972, writ dism'd). Accordingly, on remand we direct the trial court to consider the fee of petitioner's attorney among the other items in dividing the community property.

Insofar as the decree of the trial court divides the estate of the parties, the judgment is reversed and remanded for new trial in accordance with the instructions in this opinion. Otherwise, the decree of the trial court is affirmed.