**Wayne J. TOOLEY, Appellant,**

v.

**Carol Ann TOOLEY, Appellee.**

**No. 16837.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 24, 1976.

Robert L. Rice, Houston, for appellant.

Gerhardt & O'Kane, Jo Ann Gerhardt, Houston, for appellee.

EVANS, Justice.

This is an appeal from an order entered in a habeas corpus proceeding, granting possession of the children to the mother. There is no statement of facts, but a bill of exceptions signed by the trial judge has been filed in the record of this case.

The basis of the trial court's order was an Oklahoma divorce decree granting custody of the children to the mother and decreeing visitation rights in the father. The trial court's bill of exceptions recites that counsel for the father made no contest or objection to the court's consideration of the decree, except to request that the court hear his motion to modify child custody which had been consolidated with the mother's application for writ of habeas corpus.

■ The trial court properly disregarded the father's pending motion for modification of the decree in the absence of a finding that the court which rendered the decree did not have jurisdiction of the parties, or that the children had been within the state at least twelve months immediately preceding the filing of the petition for writ of habeas corpus. Sec. 14.10, Texas Family Code. *Lugo v. Wade,* 534 S.W.2d 726 (Tex. Civ.App.—Waco 1976, no writ); *In the Interest of Anthony Joseph Kamont, Minor,* 537 S.W.2d 86 (Tex.Civ.App.—Amarillo 1976, writ ref. n. r. e.).

■ The trial court did, however, have authority to issue an appropriate temporary order if there was a serious immediate question concerning the welfare of the children. Sec. 14.10(c), Texas Family Code; *Carpenter v. Ross,* 534 S.W.2d 447 (Tex.Civ. App.—Beaumont 1976, no writ). The trial court's bill of exceptions recognizes this authority, but states that no fact issue was raised by the pleadings or brought to the attention of the court by counsel which required it to hear evidence on this question. Its statement reflects that on several instances during the hearing, counsel urged the court to hear testimony as to why the children did not want to return to the mother after summer vacation, and that the court refused to entertain such testimony.

■ The motion filed on behalf of the father alleged that there was a serious and immediate question concerning the safety and welfare of the children. Thus, the pleading raised the issue of whether a temporary order should be issued for the welfare of the children. The statements made by counsel to the court, outlining the nature of the proposed testimony on this issue, did not preclude counsel's right to have such testimony offered in evidence, notwithstanding that counsel's statement may have indicated to the court that the testimony would not warrant issuance of a temporary order.

■ There is, however, an obstacle to this court's review of the trial court's exclusion of the proffered testimony. In order for this court to determine whether there was error in the exclusion of such testimony, the testimony offered by counsel must be brought forward by an appropriate statement of facts or bill of exceptions. *LeNo-*

*ble v. Weber, Hall, Cobb & Caudle, Inc.,* 503 S.W.2d 321 (Tex.Civ.App.—Tyler 1973, no writ); *Southerland v. Porter,* 336 S.W.2d 841, 846 (Tex.Civ.App.—Amarillo 1960, writ ref. n. r. e.). There is no basis in the record on which this court can determine whether exclusion of such testimony constituted reversible error. Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.