Gertrude Luetta McCARTNEY, Appellant,

v.

Gene Webster McCARTNEY, Appellee.

No. 16778.

Court of Civil Appeals of Texas,
Houston (First Dist.).

Dec. 30, 1976.
Rehearing Denied March 3, 1977.

L. A. Greene, Jr., Stewart L. Neblett, Elayne Shochet Tatar, Houston, for appellant.

Hebinck, Hargrove, Clark & Lowes, James R. Clark, Houston, for appellee.

EVANS, Justice.

This divorce action was commenced by the wife, who is appellant in this court, against her husband, based upon grounds of insupportability and seeking a division of the community property. The parties had been married some thirteen years. There were no children of the marriage. After a non-jury trial, a divorce was granted to the wife and the trial court proceeded to divide the community property. The principal question on this appeal is whether the trial court abused its discretion in making this division.

At the time of the divorce the wife was forty-five years old. She had experienced various medical problems during their marriage and it is undisputed that she had suffered a partial and permanent disability. This disability related to low back problems and prevented her from being employed on a full time basis. At the time the parties had married the wife had completed part of the ninth grade of school and she had also taken a nine-day course to learn how to operate a key punch machine. During their marriage she had functioned primarily as a housewife, but she had done some clerical work in her husband's medical office.

The husband is a physician with an established practice in Harris County. He has incorporated his practice into a professional association, but is the only physician employed by the association. His medical practice has grossed approximately $120,000.00 per year and shows some slight increase. His salary at the time of trial in January 1976 was $4600.00 per month, an annual rate of $55,200.00. Through his professional association he enjoys the tax free benefit of an automobile and retirement benefits. During the year prior to trial the professional association placed $28,271.00 tax free into his retirement fund. His health is generally very good.

The trial court, using the inventories submitted by the parties, found values and distributed the properties to the parties as follows:

| Wife | | Husband | |
|---|---|---|---|
| Stocks, bonds | $ 83,189.61 | Gene W. McCartney, | |
| Stamps, coins | 5,678.74 | Professional Assn. | $ 30,000.00 |
| 1976 Lincoln | | Pension Plan | 53,130.00 |
|    Continental | 1,000.00 | Life Insurance | 16,414.00 |
| 1971 Buick | 500.00 | Keogh Plan | 1,898.17 |
| 1968 Dodge | 200.00 | 1974 Dodge Dart | 2,500.00 |
| Ladies 14K white | | Furniture | 3,000.00 |
|    gold ring | 400.00 | Check | 93.24 |
| U.S. $5 gold piece | 75.00 | 6333 Creekbend | 1,241.72 |
| 33 pearls | 100.00 | Cash | 11,560.43 |
| 1/2 earring | 5.00 | | |

| Wife (Cont'd) | | Husband (Cont'd) |
|---|---:|---|
| 14K gold peridot pin | 689.00 | |
| Mink stole | 75.00 | |
| Bing Christmas plates 1967-1972 (5) | 123.00 | |
| Cousins mortgage | 1,650.00 | |
| New Perspective Fund | 331.95 | |
| 128 LTD | 19,227.77 | |
| Bank Accounts | 1,313.57 | |
| Furniture | 600.00 | |
| Checks | 369.90 | |
| 6453 Creekbend | 4,519.00 | |
| Cash | 11,263.83 | |
| Total | $131,311.37 | $119,837.56 |

The trial court also awarded the wife a recovery of $2,000.00 as attorney's fees chargeable to the husband, so that adding such amount to the wife's share her total award was $133,311.37 and the husband's share $117,837.56. This resulted in a percentage award to the wife of 53.08% and to the husband of 46.92%.

In her first three points of error the wife contends the trial court abused its discretion in dividing the property in that it failed to properly consider factors evidencing the disparity in the parties' earning capacity and as to the benefit the wife would have derived from a continuation of the marriage. In related points four through seven she contends the trial court erred in refusing to consider the husband's fault in bringing about the divorce, in refusing to consider the tax liability of the parties in effecting the division, and in refusing to award her the full amount of her attorney's fees.

The wife had undergone surgery on a number of occasions, three procedures having been performed for her lower back problem. She complained of almost constant pain through her lower back and through the hips. She testified it was very difficult for her to stand for any period of time. She believed that her physical disability would impair her performing any type of office work. She stated that on many occasions her husband had said that she was just one of those unfortunate people who are put together poorly; that she didn't have a strong constitution and that she would never be able to work full time and support herself. She stated that after she came home from the hospital in February 1975 her husband walked into the bedroom and said, "I want a divorce" and then turned and walked out. She stated that the next night he came in and said that they had a good business arrangement; that it would be expensive to get a divorce and for her to go out and find a boy friend and he would find a girl friend so that they would continue to live together. She said this was unacceptable to her. The wife's counsel then asked the question as to whether they had many fights or arguments and the trial court indicated that further testimony of such a nature would not be received. Although counsel explained that the sole purpose of this line of testimony was to establish fault for the purpose of considering an appropriate division of the property, the court indicated that it would not consider such testimony in effecting the division.

There was testimony from the husband's tax attorney that his pension plan provided a tremendous income advantage and that up to 60% of the husband's income had gone into the fund tax free to the husband. After November 1, 1976, the husband would be able to contribute up to 25% of his income. The plan also provided certain fringe benefits in the way of a 100% medical expense reimbursement program, an automobile and expense of its maintenance, and certain insurance coverage.

At the conclusion of the evidence the trial court made the division of the properties in the manner indicated. The trial court stated that it was not going to order the hus-

band to pay the doctors' bills which were outstanding until it was determined whether the wife would be reimbursed from an insurance settlement, and it instructed counsel to prepare an appropriate provision in the judgment to that effect. The court concluded:

> "It's an unequal provision. I told you I was going to have to make an unequal division. I want you to know why. We have a doctor here who is a professional man. Mrs. McCartney is not trained. She is going to have a tough go of it. I recognize that; so, there is an unequal division because it's going to be harder for her to get out there and make a living. I told you that. It's based not upon her physical disability as much as the fact that she is not a trained person."

It is reasonably clear that the trial court did consider the fact of the wife's physical disability in making the property division, even though it may have determined that such factor was entitled to less weight than her lack of training. On the other hand, the record reflects that the trial court refused to consider factors pertaining to the husband's fault in breaking up the marriage and with respect to the income tax liability of the parties.

■ Although the questions asked by the wife's counsel indicated the general nature of the testimony which was proposed in support of her contention that the husband had been at fault in bringing about the divorce, the excluded testimony was not brought forward by an appropriate statement of facts or bill of exceptions. Under such circumstances this court cannot determine whether the exclusion of such testimony constituted reversible error. Rule 434, Texas Rules of Civil Procedure; *Tooley v. Tooley*, 545 S.W.2d 524 (Tex.Civ.App.— Houston [1st] 1976, no writ).

■ The trial court's refusal to judicially determine the tax liability of the parties does, however, require that the cause be reversed. At a hearing on a pre-judgment matter the trial court was specifically requested by both counsel to make a determination of the parties' tax liability, but it indicated it would not do so unless the matter was formally raised in a motion. Subsequently the wife's counsel, in response to the husband's motion for entry of judgment, directed the court's attention to the fact that the judgment proposed did not dispose of all issues and that it did not determine the parties' tax liability. A similar complaint was again made by the wife in her motion for new trial. Under the circumstances presented, the trial court erred in refusing to make provision in the judgment for the parties' tax liability.

In *Cole v. Cole*, 532 S.W.2d 102, 105 (Tex. Civ.App.—Dallas 1975, no writ), Justice Guittard stated:

> "In numerous cases the courts have held that the future needs of the wife and her lack of earning capacity are proper factors to be considered in dividing the property. *Waggener v. Waggener*, 460 S.W.2d 251 (Tex.Civ.App.—Dallas 1970, no writ); *Duncan v. Duncan*, 374 S.W.2d 800 (Tex.Civ.App.—Eastland 1964, no writ); and see *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923). Although we have found no cases holding that a trial judge abuses his discretion in failing to make an unequal division when these factors are present, we hold that if the disparity in earning capacity is as great as it is here, so as to leave the wife with substantial liabilities which she cannot discharge out of her income, while the husband has no comparable burden, the court should award her more than an equal share of the community estate. "In this particular case, as in many marriages, the wife abandoned her career and cast her lot with that of her husband. While he was increasing his earning capacity many times, she was maintaining the home and helping him in his business. The community-property system is based on the assumption that the husband's earnings are not his alone, but are produced by the spouses' joint efforts, and thus should be shared by them equally. The same principle applies, to some extent, to his earning capacity which, presumably, she helped him to develop.

Upon termination of the marriage, his earning capacity will continue at a high level, while she must return to the job market to resume her career where she left off more than ten years earlier. We hold that it is manifestly unjust and unfair to allot to petitioner roughly half of the common property and leave her to support herself as best she can and also to pay half of whatever tax liability may remain because of his comparatively high earnings preceding the divorce."

The testimony showed that the parties' individual income tax returns for the year 1975 had not yet been prepared, but the wife's financial situation would be further impaired by the imposition of a substantial tax liability for that year. Counsel has not directed our attention to any evidence indicating the probable amount of the income tax liability for the year 1975, nor with respect to any prepayment of such liability through withholding or by quarterly installments. The evidence did show the husband's annual salary to be in the approximate amount of $55,000.00, which indicated the possibility of a substantial tax liability for the prior year.

The husband contends that the wife is not burdened with tax liability under the trial court's judgment and he argues that she would assume no tax liability by filing a separate return for the year 1975. This argument fails to recognize that the wife remained individually liable for the income tax on one-half of the community income for the year 1975, and for prior years during the marriage. See *Brooks v. Brooks*, 515 S.W.2d 730, 733 (Tex.Civ.App.—Eastland 1974, writ ref. n. r. e.); 33 Am.Jur.2d § 1260 (1975).

The husband also contends that since the divorce decree did not make any disposition as to the parties' tax liability, the wife could have that issue adjudicated upon a hearing subsequent to the decree. This contention is based upon the decisions authorizing a subsequent suit to dispose of community property rights which have not been adjudicated by the divorce judgment. See *Busby v. Busby*, 457 S.W.2d 551 (Tex.

1970); *Thompson v. Thompson*, 500 S.W.2d 203 (Tex.Civ.App.—Dallas 1973, no writ). The rationale of those decisions is not applicable to the case at bar. If tax liability is to be considered in the division of property, it must be considered prior to the entry of final judgment. Once the decree becomes final, the parties' respective liabilities are determined according to applicable law. See *Allen v. Allen*, 363 S.W.2d 312, 313 (Tex.Civ.App.—Houston 1962, no writ).

Although the wife in the case at bar received a 6.16% advantage in the value of the property awarded to her under the trial court's decree, the husband's future earning potential was shown to be much greater than the wife's. The wife's physical disability and her lack of training will likely require her to deplete the estate awarded to her under the decree, while the husband's future earnings will likely increase the over-all value of the estate awarded to him. If the wife should suffer further calls upon the cash awarded to her in order to pay tax liabilities due on income received during the marriage, her ability to support herself from the properties awarded to her under the decree would obviously be impaired.

■ The trial court was not required to afford any greater weight to the issue of tax liability than to the other factors bearing upon the fair and just division of the community properties. However, the trial court should have taken into consideration the issue of tax liability, as with other pertinent factors affecting the justness of its decree. *Wetzel v. Wetzel*, 35 Wis.2d 103, 150 N.W.2d 482 (Wis.1967). In view of the considerable disparity in the earning power of the parties, the trial court could properly have required the husband to assume the wife's liability for taxes or to require reimbursement to her for taxes paid. *Cole v. Cole*, supra; *Gaulding v. Gaulding*, 256 S.W.2d 684, 688 (Tex.Civ.App.—Dallas 1953, no writ). Under the circumstances presented the trial court's refusal to make a determination of the parties' income tax liability constituted reversible error. Rule 434, Texas Rules of Civil Procedure; *Cole v. Cole*, supra.

The trial court did not err in its award of attorney's fees of $2,000.00 to the wife and in charging that amount against the husband. The wife contends that the undisputed testimony established that a reasonable attorney's fee for counsel's services to the wife was $17,170.00 and that this evidence was unchallenged by the husband. There was, however, no testimony showing that the wife had agreed to pay the claimed amount as attorney's fees, and her counsel contends only that she agreed to pay a reasonable attorney's fee for the services. The trial court was not bound to make an award to the wife of the full amount of the claimed attorney's fees, and its ruling does not reflect an abuse of discretion. *Cole v. Cole*, supra; *Cooper v. Cooper*, 513 S.W.2d 229, 234 (Tex.Civ.App.—Houston [1st] 1974, no writ).

In points of error eight through eleven it is contended that the trial court erred with respect to its rulings on the receipt of evidence during the trial of the case, in requiring that the wife introduce the entire deposition of a witness as a condition to the admission of a part thereof, and in refusing the wife's request that a court reporter be present to record testimony upon the husband's motion for entry of judgment. A consideration of these points does not reflect that any of the asserted errors were reasonably calculated to cause and probably did cause the rendition of an improper judgment, or that the wife was probably prevented thereby from making a proper presentation upon appeal. Rule 434, Texas Rules of Civil Procedure.

In her twelfth point of error the wife contends that the trial court abused its discretion in failing to award support to the wife pending appeal. This point is overruled since no abuse of discretion has been shown. This ruling should not be taken as a determination that the present statute authorizes post-judgment alimony pending an appeal. See *Ex parte Thompson*, 510 S.W.2d 165 (Tex.Civ.App.—Dallas 1974, no writ); Texas Family Code, Section 3.59.

In her remaining points of error the wife contends that the trial court's findings of fact and conclusions of law are not supported by sufficient evidence and are against the great weight and preponderance of the evidence, and that the trial court erred in failing to make additional findings of fact and conclusions of law after proper request to do so. These points do not present error except with respect to the matter of tax liability discussed above.

The trial court's judgment is reversed to the extent that it affects a division and award of the properties, and the cause is remanded to the trial court with instructions that it make an appropriate disposition as to the parties' respective income tax liability as a result of the income received prior to the dissolution of their marriage. Upon further hearing of that matter, if the court determines that such tax liability is substantial, it should enter an appropriate order placing the greater burden of such tax liability upon the husband. *Cole v. Cole*, supra. The decree of the trial court is in all other respects affirmed.

Costs of appeal are taxed against the appellee.

## ON MOTION FOR REHEARING

Mrs. McCartney contends, in her motion for rehearing, that it is error for this court to order a partial reversal of the trial court's judgment and to remand the cause solely that the trial court may decree an appropriate disposition of the parties' income tax liability.

Rule 434, Texas Rules of Civil Procedure, as amended effective January 1, 1976, permits the court of civil appeals to order a limited new trial in certain circumstances. The pertinent part of Rule 434, as amended, provides:

" . . . if it appear to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error, provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested."

A limited new trial is now authorized where there is error in the trial court's judgment as to a part of the matter in controversy and it is clear that such part may be separately determined without prejudice to the rights of the parties. *Wirtz v. Orr*, 533 S.W.2d 468, 472 (Tex.Civ.App.—Eastland 1976, no writ); *Huffington v. Upchurch*, 532 S.W.2d 576, 580 (Tex.1976). The trial courts have been granted similar authority by amendment of Rule 320, Texas Rules of Civil Procedure. See Pope and Sheehan, " 'Try, Try, Again  .  .  .' A Proposal to Limit the Scope of New Trials in Texas", St. Mary's L.J. 1 (1975); Heath, Comments on The 1975 Amendments, 39 Texas B.J. 229 (1976); Annual Survey of Texas Law, 30 S.W.L.J. 293, 308 (1976).

In the case at bar the matter of the parties' income tax liability is clearly separable from the trial court's action in dividing the properties between the parties, and such matter can be determined by the trial court upon further proceedings without unfairness to the parties.

The judgment of the trial court is reversed with respect only to the matter of the division and award of properties, and that part of the matter in controversy is remanded to the trial court with instructions to hear only such additional evidence as may be necessary to effect an appropriate disposition of the parties' income tax liability, based upon the income received prior to the dissolution of their marriage, and in accordance with the opinion rendered by this Court. In all other respects the judgment of the trial court is affirmed.

Appellant's motion for rehearing is overruled.