OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 10, 1999

The Honorable James M. Kuboviak
Brazos County Attorney
300 East 26th Street, Suite #325
Bryan, Texas 77803

Opinion No. JC-0087

Re: Whether section 154.025, Local Government Code, prohibits issuance of salary warrant to justice of the peace against whom judgment has been entered for delinquent property taxes (RQ-0012)

Dear Mr. Kuboviak:

You ask us to determine whether a county must withhold the issuance of a salary warrant to a justice of the peace against whom a judgment for delinquent property taxes has been entered. Section 154.025 of the Local Government Code provides:

> If notice of indebtedness has been filed with the county auditor and county treasurer evidencing the indebtedness of a person to the state, the county, or a salary fund, a warrant may not be drawn on a county fund in favor of a person, or an agent or assignee of a person, until the person owing the debt is notified that the debt is outstanding and the debt is paid.

TEX. LOC. GOV'T CODE ANN. § 154.025 (Vernon 1999) (applicable to county with population of 190,000 or less); *see also id.* § 154.045 (identical provision applicable to county with population of more than 190,000). The purpose of the statute is to ensure that a debt to the county is paid. *Rains v. Mercantile Nat'l Bank at Dallas*, 188 S.W.2d 798, 804 (Tex. Civ. App.–El Paso 1945), *aff'd*, 191 S.W.2d 850 (Tex. 1946).

You tell us that in January 1994, a Brazos County district court entered a judgment against an individual and his wife for taxes due on real property owned by them. The individual was elected to serve as a justice of the peace in Brazos County. In December 1998, the county auditor and the county treasurer received notice of the tax judgment against the justice-elect. The justice of the peace took office on January 1, 1999. You say that the justice of the peace was notified of the judgment and that it remains unpaid. We assume that a valid personal judgment for delinquent property taxes has been entered in favor of the county and that the procedural requirements of section 154.025 have been satisfied. We must decide whether a judgment for delinquent taxes establishes a "debt" to the county for purposes of section 154.025.

Our courts have said that the term "debt" must be construed in the context of the particular statute in which it is used. *See Reconstruction Fin. Corp. v. Gossett*, 111 S.W.2d 1066, 1073 (Tex. 1938); *Wilburn v. State*, 824 S.W.2d 755, 759 (Tex. App.–Austin 1992, no writ). Section 154.025 has existed in substantially the same form since its predecessor was enacted in 1935. *See* Act of Nov. 14, 1935, 44th Leg., 2d C.S., ch. 465, § 7, 1935 Tex. Gen. Laws 1762, 1765-66. A similar statute, section 403.055 of the Government Code, also has long prohibited the State Comptroller from issuing a warrant to a person indebted to the state. *See* TEX. GOV'T CODE ANN. § 403.055 (Vernon 1998). Texas Attorneys General have considered a number of times what constitutes a "debt" for purposes of these statutes.

Opinions of this office have said that a delinquent tax is not a debt for which a county or state warrant may be withheld. *See* Tex. Att'y Gen. Op. Nos. JM-1193 (1990), O-5249 (1943), O-1089 (1939). These opinions have relied in main part upon cases holding that a tax is not a "debt" in the ordinary sense of the word, although none of the cases cited in the opinions construed the term in the context of a warrant withholding statute. *See* Tex. Att'y Gen. Op. Nos. JM-1193 (1990) at 2 (citing *Brooks v. Brooks*, 515 S.W.2d 730, 733 (Tex. Civ. App.–Eastland 1974, writ ref'd n.r.e.)), O-5249 (1943) at 3-4 (citing *Dallas Joint Stock Land Bank v. Ellis County Levee Improvement Dist. No. 3*, 55 S.W.2d 227, 229 (Tex. Civ. App.–El Paso 1932, no writ )), O-1089 (1939) at 2-3 (same).

Although this office has said that a delinquent tax is not a debt, opinions have also said that once a judgment is entered for delinquent property taxes, a debt is established. Attorney General Opinion No. O-1089 explained: "'[U]ntil a tax claim is officially established by an adjudication in a court of competent jurisdiction, it might be said to be doubtful and oft times on account of the omission of some statutory requisite or procedure tax claims are defeated.'" Tex. Att'y Gen. Op. No. O-1089 (1939) at 2 (quoting Letter from Assistant Attorney General H. L. Williford to Honorable A. E. Hickerson, Montgomery County Auditor (Oct. 29, 1938)). Noting the statutory procedure by which a delinquent taxpayer is notified and the delinquency ascertained by a court, the opinion distinguished a judgment for delinquent taxes from a mere delinquency. "In holding up money which the county owes to an individual, who is a delinquent taxpayer, a county Auditor would be, in effect, acting as a judge and jury over said taxpayers liability for the tax." *Id.* at 3. The opinion concluded that a delinquent tax was not a debt for which a salary warrant could be withheld, but suggested that if a judgment were entered for the delinquent tax, a debt would have been created.

The conclusion that a tax delinquency *judgment* establishes a debt is consistent with the line of opinions requiring a judgment or other definite basis for the debt in order for the withholding statutes to apply. In Attorney General Opinion No. WW-1504, it was undisputed that a deputy sheriff had misappropriated county funds. The opinion held, however, that "absolute liability" must be established and the obligation must be "definitely ascertained" in order for a debt to be established for purposes of the withholding statute. "In the event that a court of competent jurisdiction should enter a final judgment establishing such a definite sum as the liability of the sheriff, then, and only in that event, would a debt arise from this set of circumstances." Tex. Att'y Gen. Op. No. WW-1504 (1962) at 2. In Attorney General Opinion No. MW-416, this office said that to warrant withholding there must be "an established legal obligation, by which is meant such

obligation as would form the basis of a judgment in a court of competent jurisdiction." Tex. Att'y Gen. Op. No. MW-416 (1981) at 3. And in Letter Advisory Opinion No. 57, it was concluded that the Comptroller could not withhold a salary warrant for overpaid wages where the comptroller could not show that wage payments violated a statute, and thus could not prove a debt to the state. "[I]n the absence of the prior establishment of a debt by agreement with the employee, or by the State's proper allegation of a debt's existence in accordance with [a statute], or by some other lawfully effective means, the Comptroller cannot properly withhold the issuance of the warrant." Tex. Att'y Gen. LA-73-57, at 4; *accord*, Tex. Att'y Gen. Op. Nos. DM-217 (1993), JM-255 (1984).

We are persuaded that even if a delinquent tax is not a debt, once a valid judgment for delinquent property taxes has been entered, a debt has been established for purposes of section 154.025 of the Local Government Code. Accordingly, we hold that section 154.025 of the Local Government Code prohibits the drawing of a warrant on a county fund in favor of a justice of the peace against whom a judgment has been entered for delinquent property taxes until the justice is notified that the debt is outstanding and the debt is paid.

## S U M M A R Y

Section 154.025 of the Local Government Code prohibits the drawing of a warrant on a county fund in favor of a justice of the peace against whom a judgment has been entered for delinquent property taxes until the justice is notified that the debt is outstanding and the debt is paid.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee