106 S.W.3d 876 (2003)
Larry Lee LAFRENSEN, Appellant,
v.
Leisa Gay LAFRENSEN, Appellee.
No. 05-02-00282-CV.
Court of Appeals of Texas, Dallas.
May 27, 2003.
*877 Michael L. Langley, Michael L. Langley, P.C., Richardson, for Appellant.
Jay Blakeley Hall, Hall Law Offices, Rockwall, for Appellee.
Before Justices WRIGHT, FITZGERALD, and LANG.

OPINION
Opinion By Justice FITZGERALD.
Larry Lee LaFrensen appeals three specific aspects of the property division made by the trial court in his divorce from appellee Leisa Gay LaFrensen. The trial judge divided the LaFrensens' property in one primary ruling and one supplemental ruling. For the reasons discussed below, we affirm the trial court's judgment.

Standard of Review
Neither party requested findings of fact and conclusions of law, and none were made. Accordingly, we imply all the necessary findings to support the trial court's judgment, and we must affirm the trial court's judgment on any legal theory that finds support in the evidence. See Allen v. Allen, 717 S.W.2d 311, 313 (Tex. 1986). We review a trial court's division of property under an abuse of discretion standard. Murff v. Murff, 615 S.W.2d 696, 698 (Tex.1981); Baw v. Baw, 949 S.W.2d 764, 767 (Tex.App.-Dallas 1997, no writ). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. Powell v. Swanson, 893 S.W.2d 161, 163 (Tex.App.-Houston [1st Dist.] 1995, no writ); Stout v. Christian, 593 S.W.2d 146, 151 (Tex.Civ.App.-Austin 1980, no writ).

Appellant's Retirement Plan
Appellant testified his retirement plan from pre-marriage employment with the Lutheran Good Samaritan Society (the "Plan") was valued at $17,985 at the time of the marriage. Appellee does not contest that valuation; nor does she contest that this amount is appellant's separate property. At the time of the divorce, the Plan was valued at $76,102. The parties agree, therefore, that $58,117 of the total is community property. The court divided the $76,102 evenly between appellant and appellee in the property settlement.
Appellant argues the court should have awarded him $17,985 as his separate property and divided only $58,117 evenly between the parties. He alleges the trial court mischaracterized the Plan total as community property and thus divested appellant of his separate property. As a result, according to appellant, appellee received a "considerably greater" share of the Plan than her community share. Appellee responds that the community-property portion of the Plan did not need to be *878 evenly divided. She argues the trial court's award to appellant could have included his $17,985 in separate property plus a smaller portion (approximately $20,000) of the community property amount.
The trial court has wide latitude to divide the marital estate in a manner that the court deems "just and right." See Tex. Fam.Code Ann. § 7.001 (Vernon 1998); Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996); Murff, 615 S.W.2d at 699. In exercising this discretion, the court need not divide community property equally. Murff, 615 S.W.2d at 699.[1] We see no "mischaracterization" in this record as to the nature of the Plan. Instead, the record supports a conclusion that the Plan funds were divided so as to award appellant $17,985 as his separate property and approximately $20,060 in community funds. Although appellee was awarded approximately $38,050 in community funds from the Plan, such an uneven division of one asset does not mean the division of the community as a whole was not right and just.
Absent findings to the contrary, this theory has support in the evidence and allows us to uphold the trial court's action. Therefore, we conclude the trial court did not abuse its discretion in its division of the funds in the Plan. We decide appellant's first issue against him.

Economic Contribution
In his second issue, appellant charges the trial court "incorrectly calculated, or alternatively, failed to calculate economic contribution for the purposes of division of property." The asset at issue here is the couple's primary residence. The record indicates appellant and appellee purchased the residence with joint funds and occupied the residence together before they married. However, the residence was purchased in appellant's name alone. The trial court's initial ruling recited the following:
The Court finds that the residence is technically the separate property of the husband but further finds that the residence was purchased with funds from joint account (Merrill Lynch), and funds became commingled to such an extent that they cannot be traced, so wife has a constructive trust on residence to extent of one-half interest, although husband shall receive the residence free and clear of any claim of wife.
If there is error in the constructive trust, the Court finds that the husband was at fault in the breakup of the marriage and that the above division of property is fair and just under either theory.
However, Texas law forbids the recitation of findings of fact in a judgment. Tex.R. Civ. P. 299a. Indeed, "[s]uch findings are inappropriate and may not be considered on appeal." R.S. v. B.J.J., 883 S.W.2d 711, 715 n. 5 (Tex.App.-Dallas 1994, no writ); see also Frommer v. Frommer, 981 S.W.2d 811, 813-14, (Tex.App.-Houston [1st Dist.] 1998, pet. dism'd) (discussion of recitations in judgment in absence of findings of fact). Accordingly, the trial court's recitations in this case carry no particular weight in this appeal. Instead, we return to the general principle that any theory supported by the evidence will support the trial court's property division.
*879 A marital estate that makes an economic contribution to property owned by another marital estate has a claim for economic contribution with respect to the benefitted estate. Tex. Fam.Code § 3.403(a). If the residence at issue here was appellant's separate property, then the question is whether the community estate made contributions to that separate estate. Such contributions could be in the form of reduction in debt secured by the residence or capital improvements made to the residence. See id. § 3.402(a)(1), (2), (6). The community's claim could not surpass the equity in the home at the time of the divorce. See id. § 3.403(d).
The parties agreed at trial that the equity in the home at the time of the divorce was $170,500, and the equity in the home at the time of the marriage was approximately $30,000. At trial, both parties offered evidence of economic contribution by the community. By way of example only, appellee offered evidence that the community borrowed $30,200, secured by the residence, to expand the residence; that loan was repaid in full during the term of the marriage. Appellee also offered evidence that the community had spent more than $180,000 of personal funds to improve the residence after taking out the home equity loan. Appellant himself testified that the principal on the residence mortgage was paid down between $10,000 and $15,000 during the term of the marriage. Neither party argued that the residence had been benefitted, after the marriage, by any economic contribution from appellant's separate estate. Applying the formula dictated by the family code, these items alone would support an economic contribution claim of more than $150,000.[2]
Because this amount would have been a claim belonging to the community, the trial judge had discretion in how to apportion it between appellant and appellee. See Murff, 615 S.W.2d at 699. Appellant asked for the entire amount to be awarded to him. The trial court instead awarded $82,250 (one-half of the equity of the residence) to appellee. The trial court could have determined that this was a fair apportionment because the only economic contribution made to the property was made by the community.[3] We see no abuse of discretion in the award. We decide appellant's second issue against him.

Supplementary Ruling's Award to Appellee
The trial court filed its Ruling on November 19, 2001. On November 26, counsel for appellee wrote to the trial court asking about the disposition of two assets (a parcel of real property and $36,000 in IRAs in appellant's name) and two debts that had not been addressed in the original ruling. The court issued a supplemental ruling, awarding the real property and the money in the IRAs to appellee and dividing the debts between appellant and appellee. Appellant complains *880 only of the award of the IRAs to appellee. He argues that if the initial order had been equitable, then any additional assets should have been divided equally. Appellee, on the other hand, points to a number of factors that could have guided the trial court in making an uneven division of the property, including the earning histories of the businesses awarded to each party, the parties' respective histories of incurring versus paying debts during the divorce litigation, and the size of appellant's separate property estate.
As we have stressed, the trial court has great discretion in dividing property in a divorce; the court's task is to divide the property fairly, which does not always mean precisely equally. See Murff, 615 S.W.2d at 699. There is evidence in the record that could have supported the trial court's award of the IRAs to appellee alone. For example, there was evidence appellee was forced to exhaust the funds in the IRAs in her own name in order to keep the family businesses operating during the pendency of the divorce, when appellant stopped contributing to their operation.
We conclude the trial court did not abuse its discretion in awarding appellee the funds in the IRAs at issue. We decide appellant's final issue against him.

Conclusion
In light of our resolution of appellant's issues, we affirm the judgment of the trial court.
NOTES
[1] When dividing community property, the trial judge may consider many factors including each party's earning capacity, abilities, education, business opportunities, physical condition, financial condition, age, and size of separate estates, as well as any future needs for support. See Murff, 615 S.W.2d at 698-99
[2] According to the family code, the amount of the claim is derived by multiplying the equity in the residence on the date of the divorce by a fraction. The fraction's numerator is the amount of the economic contribution by the community. Its denominator is equal to the sum of that same economic contribution, plus the equity in the residence on the date of the marriage, plus any economic contribution to the residence by the husband's separate estate. See Tex. Fam.Code § 3.403(b).
[3] We need not address the "ancillary issue" of fault raised by the trial court and argued here by appellant. The trial court may consider a host of non-fault factors in making its determinations. In this instance, for example, the record could support uneven distributions based simply upon the size of appellant's separate estate and the community's expenditures to improve the residence, which was awarded in its entirety to appellant.