**Affirm and Opinion Filed January 13, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00517-CV

## IN THE MATTER OF THE MARRIAGE OF MALCOLM GREGORY JOHNSON AND VERONICA POWELL-JOHNSON

### On Appeal from the 255th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DF-19-12398

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Garcia
Opinion by Justice Myers

Malcolm Johnson (Husband) appeals the divorce decree from his marriage to Veronica Powell Johnson (Wife). Husband brings four issues on appeal contending the trial court abused its discretion by (a) awarding Wife "100% of the community property" when there was insufficient evidence to support a finding of fault in the breakup of the marriage; (b) denying Husband a new trial due to Husband's attorney's lack of due diligence and ineffective assistance; and (c) awarding appellate attorney's fees to Wife only. We modify the trial court's judgment concerning the award of appellate attorney's fees, and we affirm the judgment as modified.

# BACKGROUND

The parties married in 2011, and they separated on May 9, 2019. Husband filed his petition for divorce on June 20, 2019. Wife file a counterpetition for divorce alleging Husband was at fault for the breakup of the marriage because he committed adultery and treated Wife cruelly. Wife requested a disproportionate share of the community estate. Husband amended his petition to allege Wife had committed fraud and waste of the community's assets, and he requested a disproportionate share of the community estate.

The parties tried the case before the court. The trial court found Husband was at fault for the breakup of the marriage, and the court awarded Wife the marital home "along with the associated mortgage, taxes, expenses," etc. associated with the home. On the rest of the property, the court awarded the parties the accounts that were in each party's name and the vehicles and other property in each party's possession and sole control. The court also awarded Wife attorney's fees of $5,000 and an award of $1,500 for attorney's fees from the court's Order on Motion to Compel Discovery and for Sanctions.

Husband filed a motion for new trial asserting his "previous counsel was wholly ineffective during the pendency of this case and through trial." Following a hearing, the trial court denied the motion for new trial.

**FAULT**

In his first issue, Husband contends "there was insufficient evidence to support a finding of fault to justify a division of the community property awarding [Wife] 100% of the community property." In his reply brief, Husband acknowledges that the decree did not award Wife all the community property. He states he meant for the issue to assert there was insufficient evidence to support awarding Wife "100% of the marital house and everything in it, down to [Husband's] personal property and even his clothing."[1]

We review this issue under an abuse-of-discretion standard. *In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 382 (Tex. App.—Dallas 2013, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without any reference to guiding rules and principles. *Id.* In family law cases, the abuse-of-discretion standard of review overlaps with the traditional sufficiency standards of review; as a result, legal and factual sufficiency are not independent grounds of reversible error, but instead constitute factors relevant to our assessment of whether the trial court abused its discretion. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). When addressing a legal sufficiency challenge, we view the evidence in the light most favorable to the challenged finding—crediting favorable evidence if a reasonable fact-finder could and disregarding

---

[1] Husband does not cite any evidence in support of his assertion that Wife had possession of Husband's "personal property and even his clothing." Husband did not testify at trial that Wife had possession of his personal property and clothing.

–3–

contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

"When an appellant challenges the factual sufficiency of the evidence on an issue, we consider all the evidence supporting and contradicting the finding." *Fulgham v. Fischer*, 349 S.W.3d 153, 157 (Tex. App.—Dallas 2011, no pet.) (citing *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989)). "We set aside the finding for factual insufficiency only if the finding is so contrary to the evidence as to be clearly wrong and manifestly unjust." *Id.* (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam)). In a bench trial, the trial court, as factfinder, is the sole judge of the credibility of the witnesses. *Id.* "As long as the evidence falls 'within the zone of reasonable disagreement,' we will not substitute our judgment for that of the fact-finder." *Id.* (quoting *City of Keller*, 168 S.W.3d at 822); *see* TEX. FAM. CODE ANN. § 6.704(b) ("If the husband or wife testifies, the court or jury trying the case shall determine the credibility of the witness and the weight to be given the witness's testimony.").

Wife's counterpetition for divorce listed as grounds for divorce insupportability, cruel treatment toward her of a nature that renders further living together insupportable, and that Husband committed adultery. *See* FAM. §§ 6.001,

.002, .003.  Wife listed Husband's fault in the breakup of the marriage as one of four reasons why she should receive a disproportionate share of the community estate.[2]

The divorce decree stated "the marriage between them is dissolved on the ground of insupportability."  No mention of cruelty or adultery appears in the decree. The trial court later signed two sets of findings of fact and conclusions of law.  The court's original findings of fact and conclusions of law did not mention any grounds for the divorce, but they do find "that [Husband] was at fault for the breakup."  The trial court's supplemental findings of fact and conclusions of law found insupportability, that Husband committed adultery, and that Husband was guilty of cruel treatment toward Wife "of a nature that renders further living together insupportable."

Husband argues the divorce was not granted on any fault ground because the court's findings of Husband's fault were not contained in the decree but were part of the findings of fact and conclusions of law.  Husband cites no authority supporting his assertion that the court's finding of fault must appear in the decree and not solely in findings of fact and conclusions of law. Any conflict between earlier findings regarding the grounds for divorce and later findings is resolved in favor of the later

---

[2] Wife alleged the following reasons supported her receiving a disproportionate share of the community estate:

    a. fault in the breakup of the marriage;

    b. benefits the innocent spouse may have derived from the continuation of the marriage;

    c. disparity of earning power of the spouses and their ability to support themselves; and

    d. attorney's fees to be paid.

findings. *See Morrison v. Morrison*, 713 S.W.2d 377, 381 (Tex. App.—Dallas 1986, writ dism'd) ("[L]ater findings merely state other grounds for the divorce in addition to insupportability. Under Texas law, any conflict is resolved in favor of the later findings."); *Redman v. Bennett*, 401 S.W.2d 891, 894 (Tex. App.—Tyler 1966, no writ) ("We recognize the rule of law that any conflict between the original findings of fact and the supplemental findings must be resolved in favor of the later findings," cited in *Morrison*). Because the trial court's findings and supplemental findings found Husband was at fault for the breakup of the marriage, committed adultery, and was guilty of cruel treatment toward Wife, we conclude the divorce was granted on fault grounds.

### Adultery

Husband asserts there is no evidence to support the trial court's finding that he committed adultery.

Section 6.003 of the Family Code provides, "The court may grant a divorce in favor of one spouse if the other spouse has committed adultery." FAM. § 6.003. "Adultery" means voluntary sexual intercourse of a married person with one not the spouse. *In re S.A.A.*, 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009, no pet.). Although adultery may be proved by direct and circumstantial evidence, clear and positive proof is necessary, and mere suggestion and innuendo are insufficient. *Id.*

Wife testified she was faithful to Husband throughout the marriage, she was tested every year for sexually transmitted diseases as part of her well-woman's

exam, and she never tested positive for a sexually transmitted disease until 2018, seven years after they were married, when she tested positive for two different strains of herpes. Husband testified he was faithful to Wife throughout the marriage. Husband did not dispute that Wife contracted herpes from him, but he testified he had herpes before they married and that he told her in 2008, a few years before they married, that he had herpes. He testified Wife told him she was familiar with the disease because she had a sister with herpes and as long as Husband did not have an outbreak, everything would be "okay." However, Wife testified that Husband did not tell her he had herpes.

The trial court could interpret Wife's testimony as stating that Husband contracted herpes during the marriage because they had been married for at least seven years before he transmitted herpes to her. Husband testified he had herpes before the marriage. This testimony created a fact question whether Husband had herpes before they married or whether he caught it during the marriage through a sexual liaison. The trial court, as finder of fact, resolved the issue in Wife's favor, finding Husband had committed adultery. We conclude Wife presented clear and positive proof of Husband's infidelity by reason of his transmitting herpes to her. The evidence in favor of the finding is more than mere suggestion and innuendo.

### Cruel Treatment

Wife also alleged Husband was guilty of cruel treatment toward her of a nature that renders further living together insupportable. *See* FAM. § 6.002.

–7–

"Insupportable," for purposes of section 6.002, means incapable of being borne, unendurable, or intolerable. *Ayala v. Ayala*, 387 S.W.3d 721, 733 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Mere trivial matters or disagreements do not justify the granting of a divorce for cruel treatment. *Id.* Acts occurring after separation can support a finding of cruel treatment. *Id.* Abuse need not be limited to bodily injury; nonetheless, physical abuse will support granting a divorce on cruelty grounds. *Newberry v. Newberry*, 351 S.W.3d 552, 557 (Tex. App.—El Paso 2011, no pet.). Adultery may be considered to be cruelty sufficient to support the grant of a divorce on the ground of cruelty. *Id.*

Wife's sister testified that on one occasion, Husband choked Wife. The sister testified that Wife "was in a lot of pain, couldn't speak well." Wife testified Husband attacked her with a metal plant holder while running down the stairs. Husband was "knocking down the beautiful paintings, pictures that I have on the wall. Glass was everywhere. Dents all in the stairs. Dents and scratches on the walls from his rage." These physical assaults on Wife are sufficient to constitute cruel treatment. *Id.* However, the testimony at trial presented other possible grounds of cruel treatment by Husband.

Wife's sister testified about an incident where Wife was in the home's gym talking with the sister on the phone. Wife had the door to the gym room locked. Husband came home and started banging on the door demanding she open the door. The sister testified Wife was afraid of him and said she was going to call the police.

Wife called the police, but Husband "burst through the door." Wife did not bring charges against Husband because she did not want him to lose his job.

Wife also testified that Husband "would go into rages when I would not agree with him."

The trial court could conclude from the evidence[3] that Husband was guilty of cruel treatment toward Wife that rendered further living together insupportable.

We conclude the evidence is legally and factually sufficient to support the trial court's findings that Husband was at fault. We overrule Husband's first issue.

## PROPERTY DIVISION

In his second issue, Husband contends the trial court abused its discretion in failing to divide the community property in a just and right manner.

In a divorce decree, "the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." FAM. § 7.001. Citing Black's Law Dictionary, the supreme court has defined "just" as meaning "legally right; lawful; equitable"; "right" as meaning "that which is proper under law, morality, or ethics"; and "due regard" as meaning "the attention, care, or consideration that is just, proper, regular, and reasonable." *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018)

---

[3] Wife also testified that Husband engaged in cruel treatment by reporting that she had filed a false claim for a withdrawal from her 401(k), which caused her to be terminated from her job. Husband argues Wife's termination was due solely to her own fraudulent actions. There is sufficient evidence to support the trial court's finding that Husband engaged in cruel treatment without considering whether he caused Wife to lose her job.

(plurality opinion) (footnotes and internal punctuation omitted). "In the end, the court is to do complete equity as between the husband and wife and the children, having due regard to all obligations of the spouses and to the probable future necessities of all concerned." *Id.*; *In re Marriage of A.W.E. & D.M.F.N.*, No. 05-19-01303-CV, 2021 WL 822492, at *5 (Tex. App.—Dallas Mar. 4, 2021, no pet.) (mem. op.).

A division need not be equal but may award a disproportionate amount of the community property to one spouse as long as such a disposition is just and right. *In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 384 (Tex. App.—Dallas 2013, no pet.). In making that determination, the trial court may consider many factors, including the nature of the marital property, the relative earning capacity and business opportunities of the parties, the parties' relative financial condition and obligations, the parties' education, the size of the separate estates, the age, health, and physical conditions of the parties, fault in breaking up the marriage, the benefit the innocent spouse would have received had the marriage continued, and the probable need for future support. *See Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981); *In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 384 (Tex. App.—Dallas 2013, no pet.).

We review the trial court's division of a community estate for an abuse of discretion. *Moroch*, 174 S.W.3d at 857. The party complaining of the division of the community estate has the burden of showing from the evidence in the record that

the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d at 384. A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *LaFrensen v. LaFrensen*, 106 S.W.3d 876, 877 (Tex. App.—Dallas 2003, no pet.).

Husband contends the trial court's award of a disproportionate amount of the community estate to Wife was not just and right. Husband asserts Wife was awarded $177,545.02 of the community estate while he was awarded $35,400. Husband based these figures on Wife's inventory and appraisal. However, that document was not admitted into evidence; therefore, we cannot consider it on appeal. *Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied). ("[U]nless a party's inventory and appraisal has been admitted into evidence, it may not be considered as evidence of a property's characterization of value."). Also, Wife's inventory and appraisal did not include values of properties awarded to Husband, including Husband's bank accounts and his retirement benefits. Wife testified that because Husband failed to answer discovery, she did not know what undisclosed assets he might possess.[4]

---

[4] At the conclusion of the trial, the court stated, "The Court finds that the husband did not disclose assets or file an inventory."

Husband asserts the property division was disproportionate because the court awarded the marital home to Wife.[5] Husband argues the trial court erred by awarding Wife a disproportionate share of the marital property based on Husband's fault in the breakup of the marriage without Wife providing supporting evidence. However, Wife presented evidence that Husband physically assaulted her by choking her, terrorized her by chasing her through the house with a metal plant stand on one occasion and bursting through a locked door on another occasion, and that he transmitted herpes to her causing her to incur medical expenses and mental anguish. Husband did not controvert any of this evidence.

Concerning the property division, Wife testified:

Q. So we don't have an inventory and appraisement from him [Husband]. We don't have any bank records, anything we asked for to show what his undisclosed assets are; is that correct?

A. Correct.

Q. So if you got 100 percent of the house and you could just sell it on your own without having to deal with Malcolm, and also you got the house to help reimburse for your lost wages, for assault on you, the injuries inflicted on you, your past and future medical expenses, your mental anguish, would you feel like that would be a fair and equitable division of the estate?

A. Yes.

Q. You get the house, he gets to have all of his undisclosed assets?

---

[5] Husband states in his brief that after the divorce decree was signed, the house was sold and the net proceeds of "$98,0551.91" [sic] were deposited in the registry of the court. Husband does not cite to any place in the record supporting this statement, nor have we found any evidence to support it. Accordingly, we do not consider it.

A. Yes.

We conclude the trial court did not abuse its discretion by awarding Wife a disproportionate share of the marital property by awarding her all of the marital home.

Husband also argues the disproportionate award was improper because he, not Wife, had the lesser employment income. Wife testified she made $49,000 per year before she was terminated. Husband states in his brief that Wife "is educated and possess[es] certificates that should enable her to find a job" while he is a car salesman paid on commission and made less than $2,000 per month in September and October 2019. At the trial, no evidence was admitted of Wife's education or Husband's income.[6] Instead, the evidence showed Husband was a car salesman and Wife was unemployed and had been unsuccessful in securing employment.

Concerning the size of the parties' separate estates, Husband states in his brief that he provided Wife with a list of his separate property. However, that document was not admitted into evidence at the trial, and we cannot consider it for determining whether the evidence supports the judgment. *See Barnard*, 133 S.W.3d at 789.

Husband also argues that as a car salesman, he "lives only on the commission he can make based on the sales he can make. In the uncertain world of COVID-19,

---

[6] As proof of his income, Husband cites to his responses to Wife's request for production. However, this document and its attachments were not admitted into evidence at trial. We presume the trial court considered only the testimony and exhibits properly in evidence. *Barnard*, 133 S.W.3d at 788. As a general rule, documents not admitted into evidence are not considered by an appellate court. *Id.* at 789.

[Wife] has a much better chance at having stable income than does [Husband]." However, Husband presented no evidence at trial that he was paid only on commission, nor what his income was, nor how COVID-19 would affect his job or Wife's job prospects.[7]

We conclude Husband has not shown the trial court abused its discretion by awarding Wife a disproportionate share of the community property by awarding her the marital home. We overrule Husband's second issue.

## MOTION FOR NEW TRIAL

In his third issue, Husband contends the trial court erred in denying his motion for new trial. Husband asserted he was entitled to a new trial due to his attorney's complete lack of due diligence and ineffective assistance of counsel. Husband states his counsel failed to respond to Wife's discovery requests even though Husband provided him with documents responsive to the discovery requests. At a hearing on Wife's motion to compel responses to her discovery requests, Husband's attorney did not appear. The trial court imposed a sanction of $1,750 against Husband for his attorney's failure to answer the discovery, and the trial court limited Husband's testimony at trial to matters about which he had provided discovery responses. The trial court denied Husband's motion for new trial.

---

[7] The trial was held on February 27, 2020.

We review a trial court's ruling on a motion for new trial for an abuse of discretion. *Iroh v. Igwe*, 461 S.W.3d 253, 273 (Tex. App.—Dallas 2015, pet. denied).

The doctrine of ineffective assistance of counsel does not generally extend to civil cases.[8] *See In re P.S.*, 505 S.W.3d 106, 110 (Tex. App.—Fort Worth 2016, no pet.); *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 553 (Tex. App.—Dallas 2006, no pet.). Husband cites no authority that would authorize a new trial in this situation. We conclude Husband has not shown the trial court abused its discretion in denying his motion for new trial.

We overrule Husband's third issue.

## ATTORNEY'S FEES

In his fourth issue, Husband contends the trial court erred in awarding attorney's fees for appeal to Wife only. In a post-trial order, the associate judge ordered Husband "to pay attorney's fees to [Wife's] attorney for post-trial motions and the appeal in the amount of $14,000.00 by not later than July 30, 2020 at noon at [Wife's] attorney's office." Husband argues on appeal that the order should have stated, "The unsuccessful party on appeal is ordered to pay attorney's fees in the amount of $14,000 to the successful party on appeal."

---

[8] Exceptions to this rule exist, including termination of parental rights and juvenile proceedings. *See In re M.P.A.*, 364 S.W.3d 277, 290 (Tex. 2012) (juvenile proceedings); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (termination of parental rights). Divorce proceedings, however, are not an exception to the general rule. *Ashraf v. Ashraf*, No. 03-11-00467-CV, 2012 WL 1948347, at *5 (Tex. App.—Austin May 24, 2012, no pet.) (mem. op.).

As support for his argument, Husband cites this Court's opinion in *In re T.L.T.*, where we stated, "An award of attorney's fees, however, must be conditioned on which party prevails on appeal." *In re T.L.T.*, No. 05-16-01367-CV, 2018 WL 1407098, at *5 (Tex. App.—Dallas Mar. 21, 2018, no pet.) (mem. op.). Husband has taken the statement out of context. The opinion does not hold that an award of appellate attorney's fees must be made to both parties with the party prevailing on appeal being entitled to recover them. Instead, the opinion holds that the order awarding appellate attorney's fees must condition the award on the success on appeal of the party awarded the appellate attorney's fees. *See id.* ("[T]he trial court did abuse its discretion in not conditioning the award of appellate attorney's fees upon Wife's success on appeal."). The case does not support Husband's assertion that he should be awarded attorney's fees if he prevails on appeal.

To the extent Husband contends the trial court abused its discretion by not conditioning the award of appellate attorney's fees upon Wife's success on appeal, Husband is correct. *See id.* Accordingly, we modify the judgment to make the award of appellate attorney's fees conditional upon Wife's success on appeal.

## CONCLUSION

We modify the associate judge's report of June 16, 2020, to reflect that the award of $14,000 attorney's fees for post-trial motions and appeal is conditional on Wife's success on appeal. We affirm the trial court's judgment in all other respects.

200517f.p05

_/Lana Myers//_
LANA MYERS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF THE
MARRIAGE OF MALCOLM
GREGORY JOHNSON AND
VERONICA POWELL-JOHNSON

No. 05-20-00517-CV

On Appeal from the 255th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-19-12398.
Opinion delivered by Justice Myers.
Justices Molberg and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The Associate Judge's Report of June 16, 2020, is modified to reflect that the award of $14,000 attorney's fees for post-trial motions and appeal is conditional on Wife's success on appeal.

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee VERONICA POWELL-JOHNSON recover her costs of this appeal from appellant MALCOLM JOHNSON.

Judgment entered this 13th day of January, 2022.